FREDERICK J. HOFFMAN *vs.* WILLIAM J. PARSONS.

October 6, 1880.

**Municipal Court of St. Paul.**—The title of Laws 1874, *c.* 67, sufficiently expresses the subject of such chapter.

**Ramsey County — Justices of Peace — Unlawful Detainer.**—A justice of the peace of a town in Ramsey county may properly, within his own town, issue a summons and entertain proceedings in forcible entry and detainer, though the parties to the proceedings reside in St. Paul, and the premises which are the subject of the proceedings are within the limits of such city.

**Same—Appeals.**—Appeals to the district court, in forcible entry and detainer proceedings, in the county of Ramsey, may properly be brought to trial at the special terms held every Saturday, under and in pursuance of the order of said court, made on March 11, 1876, and subsequently filed and entered *nunc pro tunc* as of that date under said court's direction.

Proceeding before a justice of the peace in the town of Rose, in Ramsey county, under Gen. St. 1878, *c.* 84, to dispossess the defendant of certain premises in the city of St. Paul, in that county, into which the defendant had entered under a lease from plaintiff, and which he refused to surrender on the expiration of the lease. The defendant, appearing specially, moved to dismiss the proceeding for want of jurisdiction in the justice of proceedings for unlawful detainer of premises within the city of St. Paul, the defendant alleging that the municipal court of that city alone had jurisdiction in such cases. The motion was denied. The defendant answered, renewing therein his objection to the jurisdiction, and a trial was had and judgment was rendered for plaintiff. The defendant appealed, on questions of law and fact, to the district court for Ramsey county. The plaintiff thereupon served notice of trial for a special term of the court, and the cause was placed on the calendar of such special term. The defendant moved to strike the cause from the calendar on the ground that the appeal, being on questions of law and fact, could not be brought on for trial at a special term, which motion was denied by *Simons,* J., and the defendant excepted. The cause being called for trial by *Brill,* J., at an ensuing special term on December 6, 1879, (to which it had been continued,) the defendant moved the court that the cause be stricken from the calendar, and be not now tried, on the same grounds stated in his former motion, and on the additional ground that no special term of the court had ever been appointed by the court or a judge thereof, and that the cause had not been noticed for trial at any special term. The motion was taken under advisement, and the cause continued until December 13th, and in the interval the proceedings were had which are set forth in the opinion. On December 13th, the motion was overruled, the defendant excepting, and the cause tried and judgment ordered and entered for plaintiff, from which the defendant appeals.

*James B. Beals*, for appellant.

*H. J. Horn* and *E. Webb*, for respondent.

BERRY, J. 1. Laws 1874, c. 67, is entitled "An act to amend chapter 84 of the General Statutes, relating to forcible entries and unlawful detainers." The chapter thus entitled is in effect an amendment of chapter 84, as respects Ramsey county. Though the title is not as specific as would have been desirable, it expresses, in a general way, the subject of the chapter, and this is sufficient. *State* v. *Kinsella*, 14 Minn. 524.

2. Under Gen. St. 1878, c. 84, *any* justice of the peace may, within his county, entertain proceedings in forcible entry and detainer. As respects justices of the city of St. Paul an exception to this general rule is made by Gen. St. 1878, c. 64, §§ 105, 108; but as respects justices of towns in Ramsey county, outside of St. Paul, the jurisdiction given them by chapter 84, to issue summons, and, generally, to entertain proceedings in forcible entry and detainer, outside of said city, remains unimpaired. If they ever had any authority to issue such summons, or entertain such proceedings, *within* the city, that authority appears to be taken away, and conferred upon the municipal court of St. Paul exclusively, by Gen. St. 1878, c. 64, § 104. It follows that it is competent for a justice of the peace of a town in Ramsey county, within his own town, to issue a summons and entertain proceedings in forcible entry and detainer, though the parties to the proceedings reside in St. Paul, and the premises which are the subject of the proceedings are within the limits of such city.

3. Laws 1874, c. 67, before cited, provides that in all cases of appeal under chapter 84 of the General Statutes, relating to forcible entries and detainers in the county of Ramsey, the action may be brought to trial in the appellate court by either party, at any special or general term of said court, by giving to the other party three days' notice in writing of such trial. Gen. St. 1878, c. 66, § 244, provides that "judges of the several district courts may, by order, appoint such special terms

\* \* \* as may be deemed. necessary or convenient," but further provides that issues of fact cannot be forced to trial at these special terms. This section, as it stands in the General Statutes of 1878, was enacted in 1868. As respects appeals to the district court, in forcible entry and detainer proceedings, the effect of Laws 1874, *c.* 67, is to authorize a trial at any such special term, notwithstanding it may require the examination and determination of issues of fact. And by the second section of the chapter, provision is made in such cases for the issue, if necessary, of a special *venire* to bring in a jury. The purpose evidently was to afford that speedy relief which seems to be necessary in proceedings of this character.

The court of common pleas of Ramsey county was merged in the district court on March 7, 1876. On March 11th following, at the special term held on that day, in pursuance of a standing order, duly made and entered, "it was" (as the record here shows) "ordered, and the order announced by the court, that special terms of said district court for the hearing and determination of all matters before the court or judge, except the trial of issues of fact, would be held every Saturday thereafter, though said order was not entered or filed. Pursuant to said order, upon every Saturday since that time, a session of the court has been held, denominated a special term, at which business of the character indicated has been transacted. Since defendant's objection to the trial of this cause at this time was made, the order last referred to has been filed and entered under direction of this court *nunc pro tunc.*" The preamble of the order recites the fact that the order was made and announced on March 11, 1876, as before stated, and that no entry thereof was made by the clerk on the minutes, and that it is desirable that a record of the appointment be made. The order is then put in form, and directed to be filed as of March 11, 1876, and an entry thereof made in the minutes of that date. It was filed and entered accordingly.

There can be no doubt of the authority of the district court

to make the order of March 11, 1876, under Gen. St. 1878, c. 66, § 244. It was in fact made and announced, but, as it would seem, by inadvertence, was not filed or entered on the minutes, as it properly should have been. It had, however, become the law (so to speak) of the court, universally understood and acted upon by the court and bar for between three and four years. In such circumstances we think there can be no question that the order was valid, and that the action of the district court in directing it to be filed and entered *nunc pro tunc* was entirely proper, and the order, when filed and entered, as effectual to all intents and purposes as if it had been filed and entered on the day when it was originally made. A special term held under the order was a special term within the meaning of Laws 1874, c. 67, before cited, and therefore appeals in forcible entry and detainer proceedings could properly be brought on for trial then, although issues of fact were to be tried. These are all the points made by defendant which appear to us to require special mention.

Order affirmed.