STATE OF MINNESOTA *ex rel.* A. G. WEDGE *et al.* *vs.* ERIC OLSON, Justice of Peace.

Writ quashed Aug. 8, 1894.

No. 8993.

**Jurisdiction of Justices of the Peace in Ramsey County over offenses committed in St. Paul.**

The jurisdiction of justices of the peace, except of those within the city of St. Paul, over criminal cases, is not affected by the provisions of 1878 G. S. ch. 64, relating to the municipal court of St. Paul.

Application by A. G. Wedge and others, relators, to this court for a writ of prohibition to Eric Olson, a Justice of the Peace elected

and holding his office in the town of New Canada in Ramsey County to restrain him from exercising jurisdiction over and trying certain persons charged before him with having committed an assault and battery within the city of St. Paul.

*A. G. Wedge,* and *M. F. Propping,* for relators.

*James Schoonmaker,* and *D. F. Peebles,* for respondent.

GILFILLAN, C. J.   Respondent is a justice of the peace in the town of New Canada, Ramsey county, and on complaint duly made issued his warrant for the arrest of certain persons charged with an assault and battery committed in the city of St. Paul, and, they being arrested, was proceeding to try them when the writ of prohibition was sued out.   The ground on which it was applied for is that a justice of the peace in one of the towns has no jurisdiction of any offense committed within the limits of the city, but that the jurisdiction of offenses ordinarily cognizable before a justice of the peace is, where they are committed within the city, vested exclusively in the municipal court.

In general, justices of the peace have jurisdiction "to hear, try, and determine all charges for offenses arising within their respective counties, where the punishment prescribed by law does not exceed a fine of one hundred dollars, or imprisonment for three months." 1878 G. S. ch. 65, § 140.

The criminal jurisdiction of the municipal court is, as to territorial limits, coextensive with that of a justice of the peace; it extends to offenses committed within the county of Ramsey.   1878 G. S. ch. 64, § 88.   Section 104 of that chapter provides for the transfer to the municipal court of causes pending at the date of its passage before any justice of the peace within the city, and continues: "And from and after the passage of this act, no justice of the peace within the city of Saint Paul shall issue any process, or take cognizance of any action or proceeding civil or criminal; but the jurisdiction of said municipal court shall, within said city, be exclusive in all causes heretofore cognizable before justices of the peace."   Section 105, passed the year after section 104, provides for two justices of the peace in the city, and confers upon them the jurisdiction and powers of justices of the peace generally, except

criminal jurisdiction and jurisdiction in cases of forcible entry and detainer.

Two constructions of sections 104 and 105 are contended for,—one by the relators, that the intention was to exclude the criminal jurisdiction, in cases arising within the city, of all justices of the peace, whether elected or assuming to exercise jurisdiction within or without the city; the other by the respondent, that the intention was to transfer to the municipal court the criminal jurisdiction theretofore exercised by justices of the peace elected in the city, and to provide that such criminal jurisdiction should thereafter be exercised within the city only by the municipal court.

Of the two constructions the latter is more in accordance with the terms of the sections. They treat primarily of the office of justice of the peace within the city, and only incidentally of the municipal court; the former stripping such justices of all their jurisdiction, civil and criminal, and passing it to the municipal court; the latter restoring it, except as to crimes and cases of forcible entry and detainer. No mention is made in either section of justices of the peace without the city. Of course, the jurisdiction of those justices might be restricted without expressly mentioning them, but it would be a great strain to hold it done by words which refer more naturally to the place where the jurisdiction is to be exercised than to the place where the subject of it shall arise, which is the case with the words, "the jurisdiction of said municipal court shall, within said city, be exclusive," etc.

The criminal jurisdiction of justices outside of the city stands on the same footing with their jurisdiction over cases of forcible entry and detainer; and in *Hoffman* v. *Parsons*, 27 Minn. 236, (6 N. W. 797,) we held that the jurisdiction of justices outside of the city over cases of forcible entry and detainer was not impaired by the provisions of chapter 64 we have referred to. That decision governs this case.

Writ quashed.

MITCHELL and BUCK, JJ., not sitting.

(Opinion published 59 N. W. 1038.)