SARAH FLANAGAN and Others v. PETER BORG.[1]

May 13, 1896.

Nos. 9974—(102).

**Terms of District Courts.**

*Held,* the judge or judges of the district court have no authority under our statutes to provide by a standing order for the holding, year after year, of terms of court for the trial of issues of fact. They have authority to appoint special, not regular, terms for that purpose.

Appeal by defendant from an order of the district court for Chisago county, Crosby, J., denying a motion for a new trial. Reversed.

*Savage & Purdy,* for appellant.
*Charles J. Berryhill,* for respondents.

CANTY, J. The statute provides one term of the district court in each year in Chisago county, to be held on the first Wednesday

1 Reported in 67 N. W. 216.

in October. G. S. 1894, § 4912. In January, 1883, the judges of
the court made, signed, and filed with the clerk the following or-
der: "It is ordered that a special term of said court for the trial
of civil and criminal cases and issues of law be, and it is hereby,
appointed to be held in and for said county on the first Tuesday
in May in each year until otherwise ordered." A copy of this or-
der was posted on the front door of the courthouse on March 1,
1883, and was published four successive weeks, commencing Feb-
ruary 23, 1883, in a newspaper published in the county. Under
this order a term of the court has been held on the first Tuesday
in May every year since for the transaction of all business, includ-
ing trials of issues of fact. The regular October, 1894, term was
adjourned to the first Tuesday in May following.

This action was after that adjournment, on April 25, noticed for
trial for "the term of said court" to be held on Tuesday, May 7,
1895. The notice was served by plaintiffs' attorney on defendant's
attorney. The latter promptly returned the same, and on the call
of the calendar at the opening of the court on that day moved to
strike the cause from the calendar on the ground "that said term
was not a legally appointed term" for the trial of cases "noticed
for the first time for said term." The motion was denied, and de-
fendant excepted; the trial proceeded; plaintiff prevailed; and
from an order denying his motion for a new trial, defendant ap-
peals.

We are of the opinion that our statutes do not authorize the
judges of the district court to provide by a standing order for the
holding, year after year, of terms of court for the trial of regular
issues of fact. G. S. 1894, § 5388, in our opinion, provides only
for the appointment of special terms for the transaction of other
business than the trial of such issues. The only section to which
we have been referred that authorized the judges to appoint other
terms than those appointed by the legislature for the trial of such
issues is section 4850, which, it seems to us, requires a notice to
be posted and published, as therein provided, before each term
so appointed to be held. If such terms can be appointed to be held
year after year by a standing order made, filed, published, and
posted once for all, then it was wholly superfluous for the legis-
lature to appoint all the general terms in all the counties of this
state supposed to be ordinarily necessary for the transaction of

business.   The authority given by the statute is to appoint special, not regular, terms.

Under the circumstances we do not deem it necessary to consider the other questions raised on the appeal.

The order appealed from is reversed.