NORTHWESTERN FUEL COMPANY v. JOHN KOFOD.

December 5, 1898.

Nos. 11,393—(136).

**Garnishee Summons—Several Defendants.**

Any number of persons may be properly included as garnishees in the same summons, and required to appear and disclose as to the indebtedness of them, or each of them, to the principal defendant, and as to any of his property in the hands of them, or each of them.

**Same—Returnable at Special Term.**

A garnishee summons which requires the garnishee to appear at a time and place named, at a special term of a particular court, then and there to be held, sufficiently designates the court or officer before whom the summons is returnable.

**Order of Court Appointing Special Term—Proof of Posting.**

An order appointing a special term for the hearing of matters other than the trial of issues of fact, made by a judge of the district court of the county of Ramsey more than 20 years ago, and ever since acted upon by the court, is a valid order, although there is now no proof in the clerk's office that it was ever posted as required by the statute.

In the district court for Ramsey county Bertram G. Leveroos was served with a summons in garnishment proceedings. A motion to dismiss the proceedings for the reasons mentioned in the opinion was denied. From an order, O. B. Lewis, J., directing judgment for $648.87 to be entered against said garnishee, Leveroos appealed. Affirmed.

*G. J. Lomen,* for appellant.

Two or more cannot be held as garnishees, unless the liability to the principal debtor is joint. Ball v. Young, 52 Mich. 476. G. S. 1894, § 5308, requires the garnishee summons to designate the person before whom it is returnable. "At special term" does not mean necessarily before the court. See Bush v. Doy, 1 Kan. 86; Downey v. Smith, 13 Ill. 671. The power of the district court to hold special terms is a special power, and every fact necessary to its exercise must appear of record. There is no presumption of regularity in such case. Clelland v. People, 4 Colo. 244; Skinner v. Beshoar, 2 Colo. 383; Dunn v. State, 2 Ark. 229. The order for special term contemplated by G. S. 1894, § 4850, is not a court order, but an order of the judge or judges. Daughdrill v. State, 113 Ala. 7. Such an order has no force or effect till served. Spaulding v. Milwaukee, 11 Wis. 157. G. S. 1894, § 4850, specifies how the order for special terms shall be "served"; that is, published. Any proceeding at a term begun or held without authority is illegal and void. Clelland v. People, supra; Flanagan v. Borg, 64 Minn. 394. A "term" in law is the space of time during which the court holds a session. Leib v. Com., 9 Watts. 200. No special term can be appointed by a standing order. Flanagan v. Borg, supra.

*McLaughlin & Boyesen,* for respondent.

Any number of persons may be joined in a writ of garnishment, whether they were liable to the defendant jointly or severally. Curry v. Woodward, 50 Ala. 258; Lamson v. Bradley, 42 Vt. 165; Ingraham v. Olcock, 14 N. H. 243.

The legality of the special terms has been sustained by this court. Hoffman v. Parsons, 27 Minn. 236. The posting of the notice in the office of the clerk of the special-term order must at this late day be conclusively presumed. Brown v. Wood, 17 Mass. 67. However, the notice in question was not necessary to give jurisdiction. Friar v. State, 3 How. (Miss.) 422. At most such a statutory notice is merely directory and precautionary. Blimm v. Com., 7 Bush (Ky.) 320; State v. Claude, 35 La. An. 71.

STAET, C. J.

The appellant, Bertram G. Leveroos, appealed from the judgment of the district court of the county of Ramsey against him, as garnishee, in favor of the plaintiff.

A garnishee summons in this action was served on the appellant, and he appeared specially, and moved the court to dismiss the garnishee proceedings, and quash the summons as to him, on the grounds:

(a) That several garnishees, having no identity of interest in the things garnished, were, under one affidavit and summons, sought to be jointly and severally garnished.

(b) That the affidavit and summons were defective in form and substance.

(c) That the summons was not returnable before any court or officer thereof, and that the special term of court at which it was returnable had no existence in law.

1. There was one garnishee summons, but several parties were named therein as garnishees, and they, and each of them, were thereby required to appear and make disclosure. The contention of the appellant is that the parties so named and summoned cannot be held as garnishees, unless they are all jointly liable to the principal debtor. A sufficient answer to this claim is that each of the parties was summoned to appear and make disclosure as to his indebtedness to the defendant, or as to any money or property of the defendant in his possession.

Each garnishee is to answer for himself, and there is no more impropriety in including any number of parties as garnishees in the same summons, if they are required to answer as to any indebtedness due from them, or each of them, to the defendant, or as to any property belonging to the defendant in the hands of them, or each of them, than there would be in levying upon separate items of the defendant's property in the possession of several parties by one and the same writ of attachment. 2 Shinn, Attach. § 603; Curry v. Woodward, 50 Ala. 258. There was no defect, in form or substance, in the affidavit or summons as to the appellant.

2. The garnishee summons contained the title of the action, des-

ignated the court in which it was pending, and required the appellant

"To appear at a special term of above court to be held at the court house in the city of St. Paul, in the county of Ramsey and state aforesaid, on Saturday, the 19th day of March, 1898, at ten o'clock in the forenoon of that day."

The appellant claims this does not designate any officer or court before whom the garnishee is required to appear. The language used is not technically exact, but any person of ordinary intelligence could not fail to understand from the summons that he was to appear in court at the special term thereof named, and make disclosure.

There is no merit in the appellant's claim. Nor in his further claim, that the garnishee proceedings should have been dismissed because there was no special term of the court legally appointed to be held on the return day of the summons. This last claim of the appellant is based upon the proposition that an order, made more than 20 years ago and ever since acted upon, directing that special terms of the district court of the county of Ramsey for the hearing of all matters, except the trial of issues of fact, be held on Saturday of each week, is invalid. This order was held valid by this court in the case of Hoffman v. Parsons, 27 Minn. 236, 6 N. W. 797.

The later case of Flanagan v. Borg, 64 Minn. 394, 67 N. W. 216, relied on by appellant, has no application to special terms for the hearing of matters other than the trial of issues of fact. In the case cited the district court had, in effect, attempted by its order to establish an additional general term of the court.

It is also urged that the order appointing the special term in question was never posted, as required by G. S. 1894, § 4850. There is no proof in the record that it was not posted. The alleged proof is simply to the effect that there is now no evidence in the clerk's office of such posting. The statute did not require proof of the posting of the order to be made and filed in the clerk's office. But, this aside, the order has been acted upon by the court for more

than 20 years, and it is immaterial in this case whether it was ever posted or not.

Judgment affirmed.