Chief Justice Robertson
delivered the Opinion of the Court,
The thirteenth section of an act of 1796, prescribing the mode of taking appeals from judgments or decrees of the Circuit Courts, declares that — 44 The person ap44 pealing shall, by himself or a responsible person on 44 his behalf, in the office of the clerk of the court from 44 whence the appeal is prayed, give bond and sufficient 44 security, to be approved by the court, and within a 44 time to be fixed by the court, &c.”
In this case the order granting the appeal, neither prescribed any time for executing bond, nor designated or approved any person as surety. Nor is the bond, exhibited in the record and purporting to be the obligation of a surety only, attested by the clerk. It does not even appear to have been executed in the presence of the clerk or of any deputy.
A motion is now made, on this state of case, to strike this suit from the docket. This must be done unless there be a subsisting appeal. Is there such an appeal? We think not. An appeal can take effect only in the *47 event of a compliance with the conditions prescribed by law. The court must approve the security, and the court alone can do it; and until that shall have been done, there is no operative appeal, whatever else may have been done. Without a bond there is no existing appeal. And an obligation acknowledged, as in this case, only by a stranger to the record, unapproved and unaccepted by the court, cannot be recognised as an appeal bond, or be entitled to any effect on the judgment from which an appeal was prayed.
An appeal bond duly executed, but defective, is amendable — i. e. a new bond may be given, under the act of ’2d. But where no bond has been given, or only such a one as the court cannot recognise, Sf there is, of course, no existing appeal: the cause will be stricken from the docket. And in such case, no damages are given, as there are when an appeal is dismissed.
Even the condition required by the court on granting the appeal has not been complied with; for a bond executed “ according to law” is a bond with security approved by the court.
The paper purporting to be an appeal bond, being unattested by the clerk and unauthenticated by any proof whatever, cannot be admitted as evidence and ought not, therefore, to be noticed.
Then this case must be treated as one in which no appeal bond had ever been given; and, consequently, it is clear that there is no pending appeal. Clinton et al. vs. Phillips’ Adm’r. 7 Mon. 117.
Had there been sufficient evidence of the execution of a bond by proper parties, and under the proper sanction, there would have been an existing appeal, and a statute of 1828, (1 Stat. Law, 137) would have authorized, an amendment or even the execution of a new bond for supplying any defects on the face of the bond. But that statute does not apply where there has been no appeal bond, or nothing more than an unsanctioned common law obligation. Prior to the enactment of it, this court had established the practice of dismissing appeals, with damages, for mere defectiveness on the face of bonds which, though sufficient to give effect to the appeals, were not such as the opposing parties had a right, for their own security, to require. As such defects might be remedied without injustice, the Legislature thought fit, by the act of 1828, to make them remediable.
When this court, for any such defect, dismissed an appeal, the fact that an appeal was pending was neces *48 sarily implied; for otherwise, there would have been nothing to dismiss.
But where no bond had been given or approved, it has been the invariable practice of this court to strike the case from the docket, without any judgment for damages, because there was no appeal to dismiss. To this class of cases the act of 1828 does not apply. Such cases are not within either the letter or the object of that statute.
Wherefore, as it appears that there is no appeal pending in this case, it is ordered that this suit be stricken from the clerk’s docket.