## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### HARMAN v. COPENHAVER.

April 13th, 1893.

1. JUDICIAL SALE—*Confirmation—Special term.*—A decree was entered at a special term, confirming a report of sale filed before the commencement of the preceding regular term, and which could have been acted on at that term.

HELD:

  No error. Code, § 3062.

2. SPECIAL TERM—*Presumption—Directory.*—Where the judge's warrant appointing a special term was duly posted, in accordance with Code, § 3030, the presumption is that all of the provisions of that section were complied with, according to the rule in such cases, that all acts are presumed to have been rightly and regularly done. Besides, the provision that the clerk shall inform the attorney for the commonwealth and the sheriff or sergeant, of such appointment, is directory merely, and his failure so to do—

HELD:

  Not to affect the validity of the proceedings at such regular term.

3. A DECREE CONFIRMING A JUDICIAL SALE will not be set aside for mere inadequacy of price, but only for fraud, accident, mistake, or some other special ground which would justify rescinding a sale *in pais.*

Appeal from decree of circuit court of Smyth county, rendered September 2, 1891, dismissing petition of Hezekiah Harman, appellant here, praying that a judicial sale, previously confirmed at a special term, be set aside, which sale was made under a decree in the suit of *McMullin* v. *McMullin's Adm'r et als.*, pending in said court. Opinion states the case.

*Blair & Dickenson*, for appellant.

*G. H. Fudge* and *G. W. Richardson*, for appellees.

LEWIS, P., delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Smyth county, refusing to set aside, on the petition of the appellant, a judicial sale, which had been previously confirmed at a special term. The case is substantially this:

The appellant and one Copenhaver were co-sureties on the bond of F. Alexander, administrator of Fayette McMullin, deceased. The administrator made default, in consequence of which a considerable liability was cast upon the sureties. To discharge, in part, this liability, there was a decree for the sale of Copenhaver's land, which consisted of a tract of 91¾ acres. Copenhaver having died, the land was subsequently sold subject to the widow's dower, and at the sale she became the purchaser for the sum of $900. This was in December, 1889, and on the 6th of March following the report of sale was filed in the clerk's office. The regular March term, which should have been held a few days thereafter, was not held on account of the sickness of the judge, and for the same reason the regular August term of the same year was not held. Accordingly, on the 20th of August, 1890, the judge appointed a special term to commence on the next day. The warrant of the judge, directed to the clerk, was posted at the front door of the court-house, as the statute requires. It does not affirmatively appear, however, whether or not the clerk informed the attorney for the commonwealth and the sheriff, or either of them, that a special term had been ordered. But it does appear that the special term began on the 21st of August, as appointed, and that the court was adjourned, without the transaction of any business, till nine o'clock the next morning. On the 23d of August, the third day of the term, the report of sale was confirmed, no exception thereto having been taken. Nothing further appears to have been done in the cause until after the death of the widow, which occurred on the 1st of December following.

At the regular December term of the same year the appellant asked and obtained leave to file his petition in the cause, but which was not actually filed until the following March term.

The prayer of the petition was that the decree of confirmation be set aside, and the land ordered to be re-sold, on three grounds—viz.: (1) Because the report of sale was not ready to be acted on at either of the two regular terms immediately preceding the special term, and could not, therefore, have been lawfully acted on at the latter term, except by consent; (2) because the latter term was not ordered in conformity with section 3060 of the Code; and (3) because the land was sold for an inadequate price. And the petitioner offered an upset bid of $1,500.

The heirs at law of Mrs. Copenhaver, who were made defendants, answered the petition, and when the matter came on to be heard the petition was dismissed by the decree complained of.

This decree is clearly right. The report of sale was duly filed in the clerk's office before the time for the commencement of the regular March term, 1890, and could have been acted on at that term, or at the regular August term following, had either of those terms been held; so that consent was not necessary to authorize the court at the special term to dispose of it. The statute is express that any civil cause may be tried at a special term " which could lawfully have been, but was not, tried at the last preceding term that was *or should have been* held." It is only as to those causes or matters of controversy which are for the first time ready for hearing, or which may be made ready by consent, at a special term, that the consent of the parties to their being heard at such special term is required; and it makes no difference whether, in point of fact, " the last preceding term " was or was not held. Code, § 3062.

Nor is there any less doubt that the second point made by the appellant is without merit—viz., that the decree of confirmation is void, because the special term at which it was rendered was not lawfully called. Section 3060 of the Code authorizes the judge of a circuit court, by an order entered in court, or by a warrant directed to the clerk, to appoint a special term; and then provides that "the clerk shall inform the attorney for the commonwealth and the sheriff or sergeant of such appointment, post a copy of the warrant or order at the front door of the court-house, and issue all proper process to such special term."

In the present case this section was complied with in respect to the posting of the judge's warrant, and the presumption is that all of its provisions were complied with, according to the rule in such cases, that all acts are presumed to have been rightly and regularly done. Besides, the provision that the clerk shall inform the officers just mentioned, of the appointment of a special term, is directory merely, and hence a failure on his part to do so does not affect the validity of the proceedings at such special term. The statute authorizes any criminal case to be tried at a special term, of which the circuit court has jurisdiction, whether pending at the preceding regular term or not; and it was no doubt for this reason that the clerk is required to inform the attorney for the commonwealth when a special term is appointed. At all events, the object of the legislature in enacting the provision in question was merely to expedite the business at a special term, and not to make compliance with the provision essential to the legality of the term itself. A different construction would lead to the most serious consequences, not only as respects the decree rendered in the present case, but all other decrees heretofore rendered in the state under similar circumstances.

There appears in the record an affidavit of the appellant, to the effect that he had no knowledge of the calling of the spe-

cial term at which the sale was confirmed, and could, there-
fore, make no arrangements to resist the confirmation. But
this is strangely inconsistent with the allegations of his own
petition, praying that the decree be set aside, in which it is
stated that his counsel were present in court to resist the con-
firmation " during the entire term " ; that they were " vigi-
lant and ready for the case," and were constantly "listening"
for it to be called up. Why it did not occur to the counsel to
*except* to the report of sale, which had then lain in the office
unexcepted to for nearly six months, and to call up the case
themselves, is not explained ; nor was it until after the death
of the widow, and the consequent termination of her life
estate in the land, several months after the adjournment of
the special term, that any dissatisfaction on the part of the
appellant with the sale was manifested.

The next assignment of error is that the decree of confirma-
tion is void, because of the failure of the clerk to comply with
the requirements of section 3433 of the Code. That section
makes it the duty of the clerk, within sixty days after the
end of each term, to file a copy of every decree entered dur-
ing the term in any case, with the papers in the cause. But
as to this objection it is enough to say (1) that there is no
proof in the present case that the statute has not been com-
plied with ; and (2) that the proposition that every decree of
a circuit court of Virginia, whether entered at a regular or
special term, is void unless, within the prescribed time, a copy
is filed as aforesaid, is not worthy of serious consideration.

The next and last ground of error is the refusal to set aside
the sale for inadequacy of price. The land, as we have said,
was sold subject to the widow's dower, and, at the time of the
sale, she was comparatively a young woman, being only about
forty years of age. The fair inference from the record is that
the appellant was present at the sale, and it is certain that no
exception to the report of sale was ever taken. Moreover,

there is no evidence in support of the allegation of inadequacy of price, while, on the other hand, a number of affidavits were filed to the effect that the price was a fair one. But be that as it may, the doctrine is well settled in Virginia that a judicial sale, after confirmation, will not be set aside for mere inadequacy of price, but only on the ground of fraud, accident, mistake, or some other special ground which would justify the rescission of a contract *in pais*. And here not only is there no proof of anything of that sort, but there is no such allegation in the petition filed in the court below.

LACY, J., *dissented.*

DECREE AFFIRMED.