CASE 94—CONTESTED ELECTION—SEPTEMBER 28.

## Strong v. Jones.

APPEAL FROM LEE CIRCUIT COURT.

1. CONTESTED ELECTIONS—APPEAL TO CIRCUIT COURT.—Under the provisions of section 1539 of the Kentucky Statutes, upon appeal from the action of the county contesting board to the circuit court of the county in a contested election case, the person appealing must execute bond with surety to pay costs and damages; and under the provisions of section 729 of the Civil Code such an appeal must be taken within sixty days, and unless so taken should be dismissed by the circuit court.

2. CONTESTED ELECTIONS—PRACTICE.— Depositions taken by the parties and filed with the board of contest, before the final action of said board, were properly before the circuit court when the case was appealed, and each party was entitled to have the same read and considered.

H. C. LILLY FOR APPELLANT.

1. The evidence shows conclusively that appellant was a citizen and a housekeeper of Lee county, of proper age, and had resided therein all his life, and at the time of the election; and that he received the highest number of votes, and was duly and lawfully elected jailer of said county.

2. The notice was not properly executed; appellant had made no effort to avoid the service of the notice, but on the contrary had gone to the county seat before the expiration of the time and remained there, and this fact was generally known; and the execution of the notice upon appellant's wife was therefore insufficient.

Strong v. Jones.

H. L. WHEELER AND G. W. GOURLEY ON SAME SIDE.

1. The notice of contest was not served upon appellant until the expiration of the ten days allowed by the statute after the action of the board of canvassers; the notice served on his wife within that time was insufficient.

2. Under the provisions of section 147 of the present Constitution of Kentucky, all elections must be held by secret ballot, and the election of the special judge in this case was by a *viva voce* vote, and consequently is invalid.

3. More than sixty days had elapsed between the final decision of the contesting board and the appeal of Jones to the circuit court, and the appeal should have been dismissed. Ky. Stat., sec. 1539; Civil Code, sec. 729.

4. Appellee's notice of contest was defective, because:

(*a*) It failed to state that he was a citizen of Lee county at the time of the election and for two years immediately preceding same, or that he was over twenty-four years of age. (Ky. Con., sec. 100.)

(*b*) He failed to state therein that his name was placed on the poll books at said election as the Democratic nominee for said office; or that he was eligible to be voted for.

(*c*) He failed to allege that he had been a citizen of said county for one year or more prior to the election. (Ky. Con., secs. 99, 100.)

5. The court erred in refusing to permit appellant to file his answer to the appellee's notice of contest, although the same was tendered immediately after the court had overruled the demurrer to the notice of contest.

6. The evidence shows that the appellant was a resident of Lee county and had been for more than eight years preceding the time of the election, and that he received the highest number of votes. When the lines of a county have been changed on public authority they must remain as the true boundaries until altered by like authority. Board v. Head, 3 Dana, 490; Howe v. Walker, 92 Ky., 258.

WHITE & ROBERTS AND DAY & WILLIAMS FOR APPELLEE.

1. The evidence shows that appellant did not reside in Lee county, and was consequently ineligible.

2. The evidence shows that force, fraud, and intimidation were resorted to by partisans of the appellant at the Sturgeon precinct; under such circumstances there can be no presumption that the vote shows a fair and free expression of the electors.

3. If appellant was not a citizen of Lee county at the time of the election the votes cast for him were so many b.a.iks, a..d appellee should have been adjudged to be legally elected. Or if the court is of the opinion that Sturgeon precinct should be thrown out entirely appellee was still elected and entitled to the office.

. 4. The service of the notice upon Strong's wife, he not being at his usual place of abode, is sufficient. Broaddus v. Mason, 95 Ky., 421.

L. M. DAY, IN PETITION FOR REHEARING.

1. By mistake the copy of the judgment or order of the county board of contest recited that it was rendered in January, when in fact it was rendered February 12th, as shown by the affidavits filed herewith and by all the proceedings before said board; the appeal to the circuit court was therefore taken in time.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The appellant was a candidate for jailer in 1894, and was given a certificate of election. The appellee, C. A. Jones, filed notice of contest before the county contesting board, and on the 12th of January, 1895, said board rendered a decision in favor of appellant, and on the 26th of March, 1895, appellee Jones attempted to prosecute an appeal to the Lee Circuit Court. A trial in the Lee Circuit Court resulted in a judgment by the court deciding that neither of the parties was entitled to the office of jailer and the office was declared to be vacant, and from that judgment appellant has appealed to this court, and appellee has prayed and obtained a cross appeal.

Appellant insists that the circuit court should have dismissed the appeal for the reason that the bond was not executed within sixty days from the final action of the county contesting board, and if that contention be tenable no other question involved need be considered.

Section 1539 of article 8, chapter 41, Kentucky Statutes,

entitled "Contested Elections and Appeal from the Decision of the Board," reads as follows: "The person appealing must execute bond, with surety, to pay costs and damages, as in other appeals to the circuit court. The appeal shall be placed on the equity docket, and tried in equity as other actions."

Section 729 of the Civil Code of Practice reads as follows: "No appeal shall be taken pursuant to this article, except within sixty days from the rendering of the judgment."

It seems from the foregoing sections that the right of appeal from the decision of the county contesting board had expired before the execution of the bond or issuing of the supersedeas herein. It results, therefore, that the circuit court erred in overruling appellant's motion to dismiss the appeal taken to the circuit court.

Judgment of the circuit court is, therefore, reversed and the cause remanded, with directions to the circuit court to dismiss the appeal and to enter a proper order showing that the judgment and decision of the county board remains in full force, and for proceedings consistent herewith.

The court delivered the following response to petition for rehearing December 10, 1897:

The appellee, Jones, instituted contest proceedings against the appellant, Strong, who had been duly returned as having been elected jailer of Lee county. Jones claimed that he was elected, and, moreover, that appellant was not a citizen of Lee county, and for that reason not entitled to the office even if he (Jones) was not entitled to it. The appellant, Strong, demurred to the notice, which demurrer, however, was not acted upon until after the taking and filing of the

depositions by both parties, after which demurrer was sustained by the county board of contest, and the proceedings dismissed. Jones prosecuted, or attempted to prosecute, an appeal to the circuit court, which court overruled the demurrer of Strong, and rendered a judgment to the effect that neither party was entitled to the office in question and ordered an election. Thereupon Strong prosecuted an appeal, with supersedeas, to this court, and Jones obtained a cross appeal, and contended that the office should have been adjudged to him.

It is the contention of Jones' counsel that the circuit court properly overruled the demurrer of Strong, and that after the demurrer was overruled no testimony could be heard or considered upon the idea that the demurrer confessed the averments of the notice served on Strong, and that the notice contained allegations sufficient to entitle Jones to the office in contest. We do not concur in the contention of Jones' counsel, but think that the depositions taken by each party and filed with the board of contest before the final action of said board were properly before the circuit court, and that each party was entitled to have the same read and considered.

This court has heretofore held that the appeal of Jones to the circuit court should have been dismissed for the reason that the bond was not executed until after the expiration of sixty days from the final action of said county board, and reversed the judgment, with directions to the circuit court to dismiss the appeal of Jones. The effect of which would be to give the office to Strong, or rather leave him in unquestioned possession thereof.

Since rendering the opinion aforesaid appellee Jones has filed a petition for rehearing, and insists that, taking the entire record and the different entries therein, the same shows that the final action of the county board was taken the 12th day of February, and for that reason the appeal was in time. He also files some affidavits in support of his contention. It is true that the record is somewhat contradictory. Some dates and entries made by the contesting board tend to show that the final action must necessarily have been on the 12th of February, or at least at a later date than the 12th of January. But it is also true that the final order is dated the 12th of January, 1895, which was copied and filed at the time of the execution of the appeal bond in the circuit court.

It is not necessary to determine whether this court should now be required to examine the record of the county board, and determine from the various entries and dates when the final order was made, and then hold that the record as a whole contradicts the entry, and shows, as a matter of fact, that the final order was not made at the time it bears date, but a month later, for the reason that it would be of no benefit to appellee Jones to grant a rehearing in this case.

We have examined the entire record and authorities relied on by appellee Jones, and are clearly of the opinion that appellant Strong, under the law and facts as disclosed by this record, was entitled to a judgment adjudging that he had been duly elected jailer of Lee county, and if a rehearing was granted the only result would be that this court would reverse the judgment of the court below, and direct it to

(42)

enter a judgment adjudging appellant Strong to have been duly elected jailer of Lee county, and entitled to the office.

For the reasons given the petition for rehearing is overruled.