Patterson v. Davis.

CASE 10—ELECTION CONTEST FOR COUNTY ATTORNEY.—OCTOBER 28.

# Patterson v. Davis.

### APPEAL FROM BELL CIRCUIT COURT.

JUDGMENT DISMISSING CONTESTANT'S APPEAL.

ELECTION CONTESTS—FAILURE TO EXECUTE APPEAL BOND.

Held:   Under Acts, Ex-Session, 1900, page 40, section 12, Kentucky Legislature, relating to election contests and providing that "either party may appeal by giving bond to the clerk of the circuit court, conditioned for the payment of costs and damages," execution of the bond is made a condition precedent to a right of appeal, and unless said bond be executed within thirty days after final judgment in the circuit court, the appeal will be dismissed.

2. The execution of a *supersedeas* bond in this court is not a compliance with the statute.

N. B. HAYS ATTORNEY FOR APPELLANT.

We contend:

1. That section 12, of chapter 5, of the Acts of the General Assembly, passed at the extraordinary session 1900, does not require that appellant should execute a bond for costs in the circuit court within thirty days after final judgment of the circuit court.   Said section simply provides that bond shall be executed in the circuit court with good security conditioned for the payment of all costs and damages the other party may sustain by reason of the appeal.

2. The appellant, on October 24, 1902, executed a bond for costs in this case with the clerk of this court which has been approved and accepted.

3. On October 23, 1902, and before this motion to dismiss was entered, the appellant, Patterson, executed his bond before the clerk of the Bell circuit court, conditioned that he would pay all costs and damages that the other party may sustain by reason of this appeal as required by the statute.

COOK & JONES, FOR APPELLEE.

The appellee moves the court to dismiss this appeal, because appellant failed to give the bond required by section 12 of

chapter 5 of the Acts of the General Assembly, passed at the extraordinary session held in the year 1900, which section is as follows:

"Either party by appeal from the judgment of the circuit court to the court of appeals, by giving bond to the clerk of the circuit court with good surety, conditioned for the payment of all costs and damages the other party may sustain by reason of the appeal, and by filing the record in the clerk's office of the court of appeals, within thirty days after final judgment in the circuit court.

OPINION OF THE COURT BY JUDGE WHITE.

This is an appeal in a contested election case over the office of county attorney of Bell county. Appellee made a motion to dismiss the appeal because of failure of appellant to execute, within 30 days after the judgment, a bond to the circuit court, as required by the following provision of section 12 of the election act of 1900, viz.: "Either party may appeal from the judgment of the circuit court to the court of appeals by giving bond to the clerk of the circuit court, with good surety, conditioned for the payment of all costs and damages the other party may sustain by reason of the appeal, and by filing the record in the clerk's office of the court of appeals, within thirty days after final judgment in the circuit court." Acts Ex. Sess. 1900, p. 40. The bond was not executed within the 30 days to the circuit clerk. In our opinion, the requirement of this bond within the time is made a condition precedent to a right of appeal, and, unless complied with, an appellant has no standing in this court. The execution of a supersedeas bond in this court is not a compliance with the statute.

For failure to execute the bond as required, this appeal is dismissed.