## Smith v. Johnson.

(Decided December 18, 1914.)

### Appeal from Pike Circuit Court.

Appeal—Dismissal.—If the appeal bond in an election contest is not given in 30 days after the judgment in the circuit court, the

court cannot allow it to be executed thereafter and the appeal must be dismissed.

CHILDERS & CHILDERS for appellant.

JOHN F. BUTLER and J. J. MOORE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Dismissing.

This is an appeal in a contested election case. Appellant failed to execute bond within thirty days and has entered a motion that he be now allowed by the court to execute the bond before the circuit clerk. Appellee has entered a motion to dismiss the appeal.

Section 1596a, Kentucky Statutes, Sub-section 12, provides:

"Either party may appeal from the judgment of the circuit court to the Court of Appeals by giving bond to the clerk of the circuit court with good surety conditioned for the payment of all costs and damages the other party may sustain by reason of the appeal and by filing the record in the clerk's office of the Court of Appeals within thirty days after final judgment in the circuit court."

In Patterson v. Davis, 114 Ky., 77, we said:

"In our opinion the requirement of this bond within the time is made a condition precedent to a right of appeal and unless complied with, an appellant has no standing in this court."

See also Galloway v. Bradburn, 119 Ky., 49.

The bond not having been executed within the time allowed, the court is without power to allow it to be executed now, and the motion to dismiss the appeal must be sustained.

Appeal dismissed.