## Kash v. Strong.

(Decided October 5, 1915.)

### Appeal from Breathitt Circuit Court.

1. Appeal and Error—Jurisdiction Dependent on Fulfillment of Statutory Prerequisites.—In contested election cases, the requirements of the statute in respect of the execution of a bond and filing of the record in this court are jurisdictional prerequisites.

2. Elections—Contests—Review.—The requirements of Kentucky Statutes, Section 1596a, Sub-section 12, as to execution of a bond before the circuit court clerk and filing of transcript in this court within sixty days, must be complied with or there is no right of appeal.

3. Courts—Jurisdiction—Compliance With Requirements of Statute Conferring Jurisdiction.—The requirements of the statute controlling appeals in contested election cases, are jurisdictional prerequisites, and where not complied with, the want of jurisdiction cannot be cured by consent of the parties, waiver, affirmative or implied, or by estoppel.

A. F. BYRD, JAMES P. ADAMS and O'REAR & WILLIAMS for appellant.

O. H. POLLARD, CHESTER GOURLEY and HAZELRIGG & HAZELRIGG for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Dismissing appeal.

At the election of November, 1913, in Breathitt County, appellant, W. L. Kash, and appellee, South

Strong, were candidates for the office of county attorney, the former being the Republican nominee and the latter the Democratic nominee. Appellee was awarded the certificate of election, and appellant instituted this contest proceeding. Upon the trial thereof in the circuit court, his petition was dismissed, and he appealed to this court.

Kentucky Statutes, Section 1596a, Sub-section 12, provides that either party may appeal from the judgment of the circuit court to the Court of Appeals by giving bond to the clerk of the circuit court, with good surety, conditioned for the payment of all costs and damages the other party may sustain by reason of the appeal, and by filing the record in the clerk's office of the Court of Appeals, within thirty days after final judgment in the circuit court.

Appellant filed the record in time, but failed to execute the bond before the clerk of the circuit court as required by the statute. Because of his failure so to do, appellee has entered a motion to dismiss the appeal.

This motion was not entered until after appellee had filed his brief on the merits, and for this reason appellant insists that it comes too late. It is conceded, however, by appellant that if the execution of the bond is a jurisdictional fact, the motion should prevail.

In Clinton v. Phillips, 7 T. B. M., 117, the court said that where an appeal bond is not executed within the time prescribed by the order of the court, in granting the appeal, the appeal would by this court be treated as a nullity.

In Wickliffe v. Clay, 1 Dana, 589, the apellant failed to execute an appeal bond as directed by the order of the lower court in granting the appeal, and this court treated the appeal as a nullity, upon the authority of the Clinton case.

In Strong v. Jones, 101 Ky., 652, 42 S. W., 752, 43 S. W., 704; 19 R., 1298, which was an election contest, the contestant sought to appeal from the finding of the county contesting board to the circuit court. The statute required that the person appealing must execute bond with surety, to pay costs and damages as in other appeals to the circuit court; and in the case of other appeals, it was required to be executed in sixty days. The contestant failed to execute the bond within sixty days, and it was contended in this court that the circuit court should have dismissed the appeal when brought to it from the county

contesting board, because of the failure to execute the bond. It was held by this court that the appeal should have been dismissed by the circuit court because of the failure to execute the bond within the time prescribed by law.

Patterson v. Davis, 114 Ky., 77, 70 S. W., 47, 24 R., 842, was a contested election appeal. The appellant failed to execute the bond required, within thirty days. The statute involved was the same as is now in force. Appellee moved to dismiss the appeal, and the court granted the motion, saying: "In our opinion, the requirement of this bond within the time, is made a condition precedent to a right of appeal, and unless complied with, an appellant has no standing in this court."

Lykins v. Steele, 76 S. W., 39; 25 R., 536, was a contested election appeal, and the statute the same as is now in force. Appellant failed to execute the bond before the circuit clerk within the thirty days allowed, and failed to file the transcript in the clerk's office here within the thirty days after final judgment in the circuit court. Appellee moved to dismiss the appeal, and the court did so, holding that "Both of these requirements are conditions, upon the fulfillment of which depends the jurisdiction of this court upon appeal."

In Collins, et al. v. Commonwealth. 155 Ky., 706; 160 S. W., 252, an action to forfeit the title to lands for non-payment of taxes thereon, appellee moved to dismiss the appeal upon the ground that the transcript was not filed in this court within sixty days after the entry of the judgment, as required by the statute, and the appeal was dismissed, the court saying:

"The jurisdiction of this court to review judgments regularly entered in circuit courts is conferred entirely by statute; and when the statute conferring jurisdiction prescribes the time and manner in which an appeal may be taken, we have no jurisdiction unless the appeal is prosecuted within the time and in the manner provided by statute."

In Smith v. Johnson, 161 Ky., 745; 171 S. W., 425, an appeal in a contested election case, appellant failed to execute the required bond before the circuit court clerk, and this court dismissed the appeal, holding that for failure to comply with this requirement of the statute authorizing appeals in such cases, appellant had no standing in this court.

It will thus be seen that abundant authority supports the holding that in contested election cases, the requirements of the statute, both as to time of filing the transcript and as to the execution of the bond, are jurisdictional requisites. The only case in this state adopting the contrary view, as we are advised, is Edwards v. Logan, 69 S. W., 800; 24 R., 678, which is unsupported by direct precedent and apparently unsound in principle.

It may be conceded that in cases where the time and manner of taking an appeal are not controlled by special statutory provisions, it has generally been held by this court that the statute regulating the time and manner of perfecting appeal, is a statute of limitation, rather than one prescribing jurisdictional prerequisites; and that unless the objection be presented by proper plea in due time, it is deemed to be waived. See Welch v. National Cash Register Company, 103 Ky., 192; 44 S. W., 640; 19 R., 1857.

But, in the case of election contests, the requirements of the statute with reference to the execution of a bond as a condition precedent to the right of appeal, is not alone for the benefit of appellee, nor even for the additional purpose of protecting the officers of the court in the matter of their fees, but it rests, also upon considerations of public policy by tending to discourage appeals in that class of cases, based upon unmeritorious claims.

And, that which the statute requires as a condition precedent to the right of appeal in such cases is a jurisdictional prerequisite, which the parties cannot dispense with, by consent, estoppel, or waiver, affirmative or implied.

The appeal is therefore dismissed.