## Milliken v. Hatter.

### ASPLEY v. McCLANAHAN.

### TURNER v. ADAMS.

### HARRIS v. ATKERSON.

### McCLENDEN v. DAVIDSON.

(Decided October 9, 1917.)

## Appeals from Simpson Circuit Court.

1. Appeal and Error—Right Created by Statute.—The right of an appeal from a judgment rendered by the trial court to a higher one is not an inherent right, but is one of constitutional or statutory creation, and when given in either manner must be substantially followed by the appellant.

2. Appeal and Error—Execution of Bond.—If one of the conditions to right of appeal is the execution of a prescribed bond before a designated officer, unless such bond is executed in the manner pointed out, and before the officer designated, the appeal is not complete, and the appellate court should dismiss it for want of jurisdiction.

3. Elections—Contest—Review.—In an election contest over a party nomination, as prescribed by subsection 28 of section 1550, Kentucky statutes, the unsuccessful litigant may appeal to the Court of Appeals from the judgment against him, conditioned, however, upon his executing a supersedeas bond before the circuit court clerk as prescribed by sections 748 and 749 of the Civil Code of Practice, and such bond is not complete and is insufficient to meet the requirements of the law unless it be approved or in some manner attested by the circuit court clerk showing the same to have been executed before him and that he approved it.

4. Appeal and Error—Execution of Bond.—Where separate cases are for convenience tried together, and judgments rendered in each case, it is not competent to execute one supersedeas bond only as though the cases were combined into one, but there should be a separate bond executed for each case.

5. Elections—Contest—Review.—In these five election contest cases involving the right to the nomination for five different offices, the cases were heard together and decided against the contestants, who appealed to this court, but attempted to execute only one supersedeas bond, which itself does not appear to have been approved or attested by the circuit court clerk. Held, that the paper could not in any event be considered a supersedeas bond except for the one case in which it purports to have been executed, but not having been approved or attested by the clerk cannot

be considered a bond even in that case, and the motion to dismiss the appeals will be sustained.

SIMS, RODES & SIMS, G. T. FINN and C. B. MOORE for appellants.

JAMES R. MALLORY, C. E. EVANS, G. W. ROARK, J. S. MILLIKEN and S. R. CREWSDON for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Dismissing the appeals.

The question involved in these five appeals is the right to the Democratic nomination for the offices of county judge, sheriff, county school superintendent, assessor and jailer of Simpson county, Kentucky. At the primary election on August 4, 1917, the appellees (contestees below) received the highest number of votes respectively for the Democratic nomination for each of those offices, and the appellants (contestants below) received the next highest number of votes respectively for the nomination for such offices. Claiming that contestees had, upon the day of election and prior thereto, combined and agreed among themselves to contribute to a corruption fund for the purpose of bribing, intimidating and corrupting voters to vote for each of them at the election, and that they had in said manner produced such a fund and expended it for such purpose, either in person or through others with their knowledge, thereby violating the provisions of chapter 13, Acts 1916, commonly known as the Corrupt Practices Act, each of the contestants filed this suit against his successful opponent, seeking to have the various certificates of nomination issued to themselves instead of the contestees.

After overruling a number of motions, appropriate pleadings made up the issues in each case, and by an order of court they were, for convenience only, tried together under the style of "J. J. Milliken, &c., v. D. H. Hatter, &c.," the pleadings being identical, and the testimony practically the same. The court, after the hearing, dismissed each case, and appellants appeal, asking a reversal of the judgments. A motion has been made to dismiss the appeals upon several grounds therein stated, one of which is "Because no supersedeas bond was executed on the day said judgment was rendered in manner and form as required by law."

The statute authorizing this character of contest is subsection 28 of section 1550 of the Kentucky Statutes,

and the provision therein giving the right of appeal to this court from the judgment of the trial court is: "The party desiring to appeal from the judgment of the court shall, on the same day after the same is rendered, execute a supersedeas bond in the same form and to the same effect as other supersedeas bonds in other civil actions for an appeal to the Court of Appeals," etc.

The right of appeal from the judgment of the trial court is universally held to be one of grace only, which can be given by the legislature or withheld by it, unless otherwise prescribed by the constitution. This is the uncontroverted rule found in all the text writers and announced by all of the courts. The rule is equally well founded and equally as universal that the legislature in providing for an appeal may prescribe the terms and conditions upon which it may be prosecuted, and that these must be observed in order to confer jurisdiction upon the appellate court. 2 Cyc. 507; 3 Corpus Juris, 297-300. Briefly, these authorities state the rule to be that "In the absence of constitutional limitation, the legislature may prescribe the mode and specify the manner in which a cause shall be brought up from the lower court to the appellate court for review. But if the constitution prescribes a particular mode of review, it is not within the power of the legislature to provide a different remedy; and regulations in conflict with the constitution are invalid."

The doctrine announced by this text has been consistently adhered to by this court, as will be seen from the following cases: Hardin v. Owings, 1 Bibb 214; Clinton v. Phillips, 7 T. B. Monroe, 117; Wickliffe v. Clay, 1 Dana 539; Ford v. Commonwealth, 3 Dana 46; Strong v. Jones, 101 Ky. 652; Patterson v. Davis, 114 Ky. 77; Collins v. Commonwealth, 155 Ky. 607; Smith v. Johnson, 161 Ky. 745; Caplinger v. Pritchard, 136 Ky. 349; Galloway v. Bradburn, 119 Ky. 49; and Cash v. Strong, 165 Ky. 843.

Among the things which it is competent for the legislature to prescribe as a condition precedent to the right of appeal is the execution of an appeal (or supersedeas) bond in a particular manner and within a prescribed time. This right of the legislature is stated generally in 3 Corpus Juris, 1108, thus:

"Under its general authority to regulate appellate procedure the legislature has the power to require the giving of a bond, or undertaking as a condition precedent to

the right to appeal or sue out a writ of error, unless such power is clearly excluded by the constitution.'' Paducah Hotel Co. v. Long, 93 Ky. 278, and Kentucky cases, *supra*.

The rules just adverted to are peculiarly applicable to special proceedings, such as the trial of a contest over an election, whether it be a primary or general election. A brief excerpt from the cases of Collins v. Commonwealth, *supra,* and Kash v. Strong, will be sufficient to establish the rule as adhered to in this Commonwealth. In the first case it is said:

''The jurisdiction of this court to review judgments regularly entered in circuit courts is conferred entirely by statute; and when the statute conferring jurisdiction prescribes the time and manner in which an appeal may be taken, we have no jurisdiction unless the appeal is prosecuted within the time and in the manner provided by statute.''

In the Kash case the above quotation from the Collins case is made and approved, the court adding:

''It will thus be seen that abundant authority supports the holding that in contested election cases the requirements of the statute, both as to time of filing the transcript and as to the execution of the bond, are jurisdictional requisites.'' See, also, the recent cases of Brumleve v. Cronan, 176 Ky. 818, decided October 5, 1917, and Ward, &c. v. Howard, 177 Ky. 38, this day decided.

It would be a work of supererogation, resulting in an undue extension of this opinion, to quote further from the authorities upon the points under consideration, for it is the undeniable rule that where the legislature undertakes to and does prescribe the mode of procedure on appeal, or for the taking of an appeal, these modes and methods must be at least substantially pursued, and if one of them is that a bond shall be executed as a condition precedent to the exercise of the right, such bond must be executed as prescribed, else there can be no appellate jurisdiction. The statute granting the right of appeal in this character of case. requires the bond to be executed ''in the same form and to the same effect as other supersedeas bonds in other civil actions for an appeal to the Court of Appeals.'' Section 748 of the Civil Code of Practice requires such bonds in ''other civil actions for an appeal to the Court of Appeals'' to be taken by the clerk of the court trying the case, if the right of appeal is there obtained, or by the clerk of

this court if he should grant the appeal, and section 749 requires that the clerk shall take the bond if the appeal be granted by the trial court. So the character of supersedeas bond which the statute relating to election contests requires for the prosecution of an appeal to this court is the same character of supersedeas bond required by the sections of the Code, *supra,* which, as we have seen, must be taken and executed before the clerk of the circuit court, if the appeal is granted by that court.

In the record before us there appears to have been only one paper (called a bond) executed for all of the five cases, which paper it is insisted is not only such a supersedeas bond as the statute requires, but further that the one bond is sufficient for each of the five cases. To this proposition we cannot agree. The five cases did not cease to be separate and distinct ones upon the order directing that they be heard together. In truth, there is no such practice as technically *consolidating* ordinary cases. Sometimes it is not only convenient but competent for the trial court to order them *heard* together, if the issues are practically the same and may be investigated upon the same evidence. The fact that they are heard together does not unify the cases or destroy their separate identity. The judgment rendered is not a joint judgment, but is a several judgment in each of the cases though heard together.

An analogous question has been before this court where the amount involved in each consolidated suit was insufficient to give this court appellate jurisdiction, but the combined sums involved in all the suits are sufficient to confer such jurisdiction. Covington Bros. & Co. v. Jordon, 125 Ky. 73; Smith v. Berry, 167 Ky. 646, and cases therein cited. In these cases the court held that for the purposes of appeal each case was separate and distinct from the other, and that the relative sums involved in each of them could not be combined so as to create an amount sufficiently large to give this court jurisdiction. Moreover, the authorities are abundant that where there are separate judgments appealed from there should be separate appeal bonds executed, and especially so where there are distinct and separate appellants and appellees in each of the judgments. This rule is stated in 3 Corpus Juris, 1112, in this manner:

"The statutes requiring bonds or undertakings on appeal or proceedings in error generally contemplate and require a separate bond or undertaking, contained

either in the same or in separate instruments, for each judgment, order or decree appealed from.''

In 2 Cyc. 820, the same doctrine is stated thus:

''Statutes requiring undertakings on appeal generally contemplate a separate appeal bond for each judgment or order appealed from.''

In the notes to these texts are many authorities from the various courts of this country, and we think there can be no doubt as to the soundness of the rule.

It will be observed that the separate judgments here are not those rendered by the trial court at different times in the same case. Nor is it the granting or denying of relief to different parties in the *same* case, but each case is separate from and independent of the other. Neither is it a case where separate judgments are rendered in favor of different persons against the same defendants or subjecting the same property. If one bond would be sufficient in such cases (which we do not determine, as the question is not here) it does not follow that it would suffice where the cases, as here, are totally distinct and in nowise associated. Clearly, under the authorities, *supra,* and the reason underlying the law, there was not even an effort in these proceedings to execute a bond of any character in any of the appeals except the one of Milliken v. Hatter, involving the office of county judge. That bond is very inartificially drafted. It limits the liability of the parties thereto to one thousand dollars, and obligates those who sign it to pay ''to appellees,'' without naming them anywhere in it, all the costs and damages that may be adjudged against the appellants, and to perform the judgment ''above stated in case it shall be affirmed.'' But, as stated, not to exceed the sum of one thousand dollars. We seriously doubt if this can be considered a bond in the case of Milliken v. Hatter, although it is headed ''John J. Milliken, &c., vs. D. H. Hatter, &c.'' But, be that as it may, even this paper does not purport to have been executed before, or to have been approved by, any officer or any individual as a witness.

We have already seen that the bond must be executed before the circuit clerk. The law is that if a bond (including an appeal bond) is required to be executed before a particular officer, or to be approved by him, it must be so executed or it will be no bond at all, nor will it be allowed to accomplish the purpose for which it was executed. It is stated in 3 Corpus Juris, 1172, that

"When it is required by statute or valid rule of court that bond or undertaking shall be approved, its approval by the proper person and in the prescribed manner is one of the prerequisites necessary for perfecting the appeal, and non-compliance with the statute or rule will be ground for dismissal, unless it may be and is waived or cured by amendment or by the giving of a new bond or undertaking."

See, also, Kentucky cases, *supra*, particularly those of Ford v. Commonwealth and Hardin v. Owings.

If it should be insisted that this is a technical as well as a harsh rule, the answer might be made in the clear and positive language found in the opinion of Hardin v. Owings, *supra*, to this effect:

"The legislative body is the supreme power of the state, and whenever it acts within the pale of its constitutional authority, the judiciary is bound by it, and it is not competent to the latter tribunal to dispense with a regulation or requisition plainly prescribed by the former, or to say that this mode, that, or the other, is as good as the one dictated by the legislature; for this, in fact, would be bringing the judiciary above the legislature, by enabling the former to nullify the acts of the latter, or to supersede them by substitutes to which the legislature might not have assented, had the proposition been submitted to it. . . . In the present case the rule prescribed by the legislature is a plain and intelligible one; the party who claims the benefit of the law, could have pursued it; if he did not choose to do so, the court ought not to aid his negligence and supply the defect by adopting a perplexed and doubtful system of adjudication, and interposing an illegitimate dispensing power over the acts of the legislature. The legislature, as before premised, has declared the bond should be executed in the office; it had the right so to declare; we have no power to nullify the act, or to supersede it by a substitute."

As one reason for the rule the court adverts to the fact that a departure from the requirement would result in the appellant obtaining his appeal at the expense of the security which the legislature intended to afford the appellee through a verified bond the purpose of which is to deprive him of the benefits of his judgment during the pendency of the appeal, and says:

"An appeal is as well calculated to promote the purposes of delay, as those of justice; and while on the one

hand it secures to the appellant a revision of his case in the appellate court, whereby he may obtain relief if he is entitled to it, it imposes upon him such equitable conditions as are calculated to save the appellee from eventual loss, in consequence of the procrastination which must necessarily arise therefrom. The appeal bond is evidently, therefore, designed for the security of the appellee, in the taking of which the legislature could not have intended to render the appellee more insecure than he would be in taking an ordinary bond, which would unquestionably be the case if the construction of the act, as contended for by the defendant's counsel, is correct; for if it is true that the bond need not be executed in the office, nor attested by the clerk, it follows that it would be sufficient if acknowledged before and attested by any competent witnesses.'' The same reason runs through all succeeding cases from this court, and we think it sound.

The paper purporting to be a bond not having been executed in the manner prescribed by law, and the execution of such a bond being a prerequisite to the giving to this court jurisdiction of these appeals, such jurisdiction must be denied.

However pleased we might be to consider and determine the interesting as well as important public questions presented and discussed in the argument on the merits of the cases, for the reasons indicated we shall have to deny ourselves that pleasure.

Wherefore, the motion to dismiss the appeals is sustained, and each of them is dismissed.