## Philips, et al. v. Robinson.

(Decided October 5, 1928.)

## Appeal from Carter Circuit Court.

1. Appeal and Error.—Supersedeas bond, filed by appellants with clerk of the court, but not attested by him or any other officer as required by law, is invalid and of no effect.

2. Elections.—Without a valid supersedeas bond, executed within time prescribed by Ky. Stats., sec. 1596a-12, Court of Appeals can acquire no jurisdiction of appeal from judgment in election contest case.

3. Courts.—Special term at which judgment in election contest was rendered held not illegal, because no order calling it was made at regular term during which case was tried, and order purporting to have been made thereat was first handed to clerk at special term; presumption being that proper notice was given by posting at court house for ten days before special term, as authorized by Ky. Stats., sec. 971-13 (Supplement 1928), in absence of affirmative showing to contrary.

4. Appeal and Error.—A presumption will be indulged in favor of judgments of court of general jurisdiction, in absence of showing to contrary either from record itself or by some other appropriate method of establishing fact.

5. Appeal and Error.—Under Civil Code of Practice, sec. 763, Court of Appeals cannot entertain appeal from a void judgment, where no motion to set it aside was made in court below.

JOHN M. THEOBOLD for appellant.

WILSON & ROBINSON and HAGER, PRICHARD & MALIN for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Dismissing appeal.

At the regular November, 1927, election, the appellee and plaintiff below, George Robinson, with five others, including the two appellants, W. S. Philips and J. A. Bagbey, were candidates for the office of trustees of the town of Grayson in Carter county; there being five to be elected. The result of the election, as certified by the election officers and later by the board of election commissioners for the county, was that plaintiff received only 176 votes, which was less than the amount so certified as having been received by five other candidates, including the two appellants, Philips and Bagbey, and those five were declared elected. Within the proper time plaintiff filed this contest proceeding in the Carter circuit court against all of the candidates declared to be elected, and for cause of action stated that there was fraud or mistake in the counting of the votes cast at the election and that a true count thereof would show that he received, not only enough votes to entitle him to a certificate of election, but that he actually received a plurality of votes over any of his opponents. The case was heard at a special term of court convening on February 6, 1928, at which time the involved ballot box was opened after the court heard proof upon the integrity of its preservation. The count of the ballots sustained plaintiff's contention, and it thereupon developed that instead of his receiving 176 votes he received 276 votes. Similar discrepancies (but not to so great an extent) were found in the certified vote ascribed to each candidate. Judgment does not appear to have been rendered at that special term of the court, and there appears an order calling another term for March 26 for the sole purpose of hearing argument in this cause and rendering final judgment therein. On that day (March 26, 1928), there appears to have been rendered a judgment declaring plaintiff to have been elected as one of the trustees of the town, together with four others, each of whom received more votes on the court count than either of the appellants, who were necessarily adjudged not to have been elected. From that judgment this appeal is prosecuted by them, and they ask a reversal thereof upon a number of grounds argued in counsel's brief, one of which is, that plaintiff did not comply with our "Corrupt Practice Act" (Ky. Stats., sec. 1565b1 et seq.) in the filing of his expense accounts, and which was one of the defenses contained in the answer.

Plaintiff's counsel have made a motion to dismiss the appeal for want of jurisdiction in this court to entertain it, upon the ground that appellants did not supersede the judgment within 30 days after its purported rendition, as is required by section 1596a12, prescribing the remedy for contesting the result of general elections. In opposition to that motion, counsel for appellants contend: (1) That a supersedeas bond was executed by his clients within the time required by the section of the statute referred to, but if not, then (2) that the time at which the alleged judgment from which the appeal is prosecuted was rendered was during vacation, and the court had no authority to render it, and for which reason it is void, and, being so, there was no valid judgment to supersede. Our first duty, therefore, is to dispose of that motion, and in doing so we will consider in the order mentioned the two objections made by counsel for appellants in his contentions (1) and (2).

1. There appears in the record a document purporting to have been executed by J. Watts Stovall and R. M. Bagbey as sureties on March 29, 1928, as a supersedeas bond in this case, and which was filed with the clerk of the court on April 2, thereafter; but it was not attested by the clerk or any other officer. We had before us the validity of such purportedly executed supersedeas bond in the case of Milliken v. Hatter, 177 Ky. 31, 197 S. W. 511, and which was not approved by the clerk of the circuit court, and we held that it was invalid for the purposes for which it was executed because it was not approved by the officer before whom the law required it should be executed. The two cases of Ford v. Commonwealth, 3 Dana, 46, and Hardin v. Owings, 1 Bibb, 215, are referred to in that opinion as sustaining the conclusion therein reached, and common-law authorities are also cited therein. Upon the exact point we said in the Milliken opinion that—

"We have already seen that the bond must be executed before the circuit clerk. The law is that if a bond (including an appeal bond) is required to be executed before a particular officer, or to' be approved by him, it must be so executed or it will be no bond at all, nor will it be allowed to accomplish the purpose for which it was executed."

Then follow the other cases and authorities referred to. Many others to the same effect could be incorporated

in this opinion, but we deem it unnecessary, since the doctrine is well established that a supersedeas bond required to be executed before a particular officer shall be approved by him and, if not done, it is of no effect whatever.

It is therefore apparent that the purported bond executed in this case is invalid and of no effect, and without such a bond this court can acquire no jurisdiction of an appeal from the judgment. It was so held in the Milliken opinion, as was also done in the cases of Smith v. Johnson, 161 Ky. 745, 171 S. W. 425, and Kash v. Strong, 165 Ky. 843, 178 S. W. 1133. Other cases from this court to the same effect could be cited, but, since we have rendered no opinion to the contrary, it would be unnecessary to do so. Those cases hold that the execution of a valid supersedeas bond in election contest cases, both in primary and in general elections, are jurisdictional matters and essential to give this court jurisdiction of the appeal. Unless, therefore, contention (2) of counsel be correct, the motion to dismiss the appeal should be sustained, and which brings us to a consideration of that contention.

2. It is manifested in the record by an affidavit of the clerk that at the February, 1928, term of the court, during the continuance of which this case was tried and the evidence heard, including the opening of the ballot box, no order was made calling a special term of the court for March 26, thereafter, or for any other time, and that the order in the record signed by the judge, purporting to have been made at the February term in which the special March term was called, was handed to the clerk at the latter term, and which was the first time he ever saw it or heard of it. He marked that paper, so handed to him by the judge, as having been filed on March 26, 1928, and an affidavit by counsel for appellants found in the record is to the same effect. It is therefore contended that the alleged special term for March 26, 1928, and at which the judgment was rendered, was not legally called, and, perhaps, that conclusion or contention might be correct if its determination depended entirely upon that method of calling the March special term. But our statute providing for the calling of special terms of circuit courts (section 971-13, Supp. 1928) prescribes two methods for the calling of them. One is by the entry of an order on the records of the court at its next preceding regular term for the calling of the special term, and the other is "by notice signed by the judge and posted at the

courthouse door of the county for ten days before the special term is held.''

In the case of Banks v. Commonwealth, 145 Ky. 800, 141 S. W. 380, the question of the validity of calling of a special term by the circuit judge by posting notice was involved. The notice did not contain one of the prerequisites laid down in the statute for the calling of a special term, and it was insisted that such omission rendered the call invalid and the proceedings had at such special term likewise invalid. But we held otherwise on the ground that the circuit court was one of general jurisdiction, and which applied to the calling of special terms of court as well as to all other matters within its jurisdiction; and that in the absence of a showing that the omitted statement of facts in the notice did not exist, it would be presumed that they did exist. In other words, that the burden was upon the one attacking the validity of the special term of court to prove that it was invalidly called. The opinion on that point was cited with approval in the cases of Graham v. Commonwealth, 164 Ky. 317, 175 S. W. 981, and Ellis v. Commonwealth, 146 Ky. 715, 143 S. W. 425. While the precise point determined in those cases is not the one involved here, the two are very similar. It was held in them that, although the required notice was defective as it appeared in the record, we would presume that the omitted fact or facts existed, inasmuch as the court was one of general jurisdiction, and that presumptions would be indulged in support of the validity of its actions in the absence of an affirmative showing to the contrary. The notices in those cases were entirely silent upon the facts omitted therefrom. If their contents had affirmatively shown a state of facts not authorizing the calling of a special term, no doubt a different conclusion would have been reached; but in the absence of such affirmative showing, the presumption would be indulged. We can detect no difference in principle from the holding of those opinions and the question involved in the instant case, i. e., where the record fails to show that any notice of the calling of the special term was posted as required by the statute. In the one case a defective, and to that extent invalid, notice was rescued by the presumption; while in the other the presumption that a proper notice was given will supply its absence from the record. We are not without authority for that position in addition to that furnished by the Banks and other cases, supra.

The text in 15 C. J. 893, sec. 253, in dealing with the specific question now under consideration, says:

"Where the authority to call a special term existed, it will be presumed, in the absence of any showing to the contrary, that such term was regularly called and held, and that the proper notice thereof was given."

In support of the latter statement "and that the proper notice thereof was given," there is appended in the note these cases: Harriman v. State, 2 G. Greene (Iowa) 270; Northwestern Fuel Co. v. Kofod, 74 Minn. 448, 77 N. W. 206; Berryman v. Biddle, 48 Tex. Civ. App. 624, 107 S. W. 922; Harman v. Copenhaver, 89 Va. 836, 17 S. E. 482, and Bank of Chadron v. Anderson, 6 Wyo. 518, 48 P. 197. We have examined those cases, and they fully support the excerpt from Corpus Juris, and there does not appear any case to the contrary. They likewise, hold, as does the case of Black v. Bent, 20 Colo. 342, 38 P. 387, that the burden is upon the one attacking the validity of the call for the special term to overcome the presumption that it was regularly and properly called. Such a holding constitutes no departure at all, but is consistent with and follows the universal rule that a presumption will be indulged in favor of judgments of a court of general jurisdiction, in the absence of a showing to the contrary, either from the record itself, or by some other appropriate method of establishing the fact. As we have above stated, this record is utterly silent on the question as to whether the alleged special March term of the court, at which the judgment was filed, was or was not called by posting of the requisite notice by the circuit judge, and nothing appears therein to refute the presumption under consideration. There is no sort of effort made in any other manner to show that no such notice was posted. On the contrary, the original judgment signed by the judge shows that the March special term was first called, in the order purporting to call it, for March 9, and it might be that he declined to convene it on that day because no such order had been entered at the previous term and he, therefore, concluded to adopt the notice method for calling the March special term. But whether that be true or not, under the law as we have stated it, we are convinced that the presumption should be indulged in this case that the March special term of the Grayson circuit court and at which, as we have said,

the judgment was rendered, must be presumed to have been properly called by notice duly posted by the circuit judge; and that being true, contention (2) of counsel for appellants cannot be sustained. The case then comes back to the proposition that no supersedeas bond was executed within the time prescribed by the statute providing for the remedy, and which leaves us without jurisdiction of this appeal.

Moreover, if we should accept plaintiff's contention that the judgment was void for the reason he urges, or for any other reason, then under the provisions of section 763 of the Civil Code of Practice we could not entertain the appeal because no motion was made in the court below to set it aside, which under the terms of that section is a prerequisite to give us jurisdiction to review proceedings resulting in a void judgment. Having arrived at those conclusions, it becomes unnecessary to advert to, consider, or determine any of the questions involved on the merits.

Wherefore, for the reasons stated, the appeal is dismissed.