## Barker et al. v. Blankenship et al.

(Decided Dec. 17, 1937.)

THOMAS D. THEOBALD, JR., for appellants.

H. R WILHOIT and THOS. S. YATES for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Dismissing appeal.

Upon the submission of the question whether intoxicating liquors should be prohibited in Carter county, at an election held June 26, 1937, the vote in favor of adopting the local option law was 2,581 and against it 2,128, thus resulting in a favorable majority of 453 votes. A contest of the election was seasonably instituted by M. M. Barker and Clarence Scott, who were engaged in the liquor business in the county. After trial, the circuit court dismissed the contest and upheld the election. The contestants have appealed.

The appellees have filed a motion to dismiss the appeal. It is provided by section 2554c-13, Statutes, that a contest of a local option election may be instituted and prosecuted "in the same manner as is now provided by law for the recount of ballots or contest of general elections of county officers, being Section one thousand five hundred ninety-six a-twelve (1596a-12), of Baldwin's Supplement to Kentucky Statutes of one thousand nine hundred thirty-three (1933)." Section 1596a-12 authorizes an appeal from a decision of the circuit court in an election contest in this manner, namely:

"Either party may appeal from the judgment of the circuit court to the Court of Appeals by giving bond before the Clerk of the Circuit Court, with good surety, conditioned for the payment of all costs and damages the other party may sustain by reason of the appeal and by filing the record in the Clerk's office of the Court of Appeals, within thirty days after final judgment in the circuit court."

Since the granting of an appeal is wholly within the power of the Legislature to allow or deny, an observance of these stipulated terms is a condition precedent to the right to maintain an appeal, and unless they are complied with this court does not acquire jurisdiction. Patterson v. Davis, 114 Ky. 77, 70 S. W. 47, 24 Ky. Law Rep. 842; Smith v. Johnson, 161 Ky. 745, 171 S. W. 425; Kash v. Strong, 165 Ky. 843, 178

S. W. 1133; Milliken v. Hatter, 177 Ky. 31, 197 S. W. 511; Philips v. Robinson, 225 Ky. 682, 9 S. W. (2d) 995; Whitt v. Reed, 235 Ky. 758, 32 S. W. (2d) 324.

The sufficiency of the bond executed in this case is challenged in two particulars. It is to be observed that (1) there is no obligee named, and (2) it is a covenant merely to "satisfy and perform the judgment of the court that shall be rendered upon the appeal."

In construing section 1596a-12, Statutes (before an amendment not material to the question in hand), in Felts v. Edwards, 181 Ky. 287, 204 S. W. 145, 147, it was written:

"It is very plain that the purpose and intention of the Legislature was to require a bond to be executed by one who appeals a case involving a contest for the right to hold an office and to receive its emoluments, which will be for the benefit of the appellee and will insure that he shall be paid any costs or damages which he shall sustain by reason of the appeal, and hence that it was the purpose and intention of the Legislature that the covenants of the bond should be made to the appellee, who is the sole person in interest."

1. This is in accord with the general rule that it is absolutely essential to any bond that there be an obligee designated in the instrument in some unmistakable manner. 4 R. C. L. 50; 4 C. J. 1258. And where, as here, the statute expressly provides to whom an appeal bond shall be made payable, if it should be made to another person, the bond is defective. 2 R. C. L. 115. The bond in this case contains no obligee.

2. The statute requires that an appeal bond shall be "conditioned for the payment of all costs and damages the other party may sustain by reason of the appeal." The condition of the bond is only that the appellants will perform the judgment of the court. They would have to do that irrespective of any bond. The conditions of a supersedeas bond in civil cases generally are threefold, namely, the payment of costs and damages and the performance of the judgment. Section 748, Civil Code of Practice. But the effect of such supersedeas bonds in ordinary civil actions is merely to suspend the execution of the judgment pending the appeal. The party against whom it has been rendered may or may not choose to execute such a bond as it is not neces-

sary to confer jurisdiction upon the appellate court. It is different in an election contest. The performance of the judgment—the covenant of the bond in this case—would, of course, require the payment of the costs of the action, and it is suggested that is the only liability of a bond in a local option election contest appeal. But the Legislature has expressly declared it to be a condition to the right of appeal of a contest of an election or a referendum upon the sale of intoxicating liquor that the appellant, with surety, shall covenant to pay the costs and damages the other party may sustain by reason of the appeal. We do not think it is sufficient to avoid these express terms to say that there can be no damages suffered by the appellees in this case by reason of the appeal.

In Galloway v. Bradburn, 119 Ky. 49, 82 S. W. 1013, 26 Ky. Law Rep. 977, involving an appeal of a contest of the election of a circuit judge, it was held that an appeal bond conditioned that appellant will perform the judgment, if affirmed, does not make the surety responsible for anything more than the surrender of the office if the judgment is affirmed; and, further, that a bond covenanting that the appellant will pay the damages that may be adjudged against him on the appeal, and that he will satisfy and perform the judgment in the event of its affirmance, is not a bond conditioned to pay the damages which appellee sustains, within the meaning of the statute, and is, hence, defective.

We are of opinion, therefore, that the bond executed by the appellants is fatally defective, and that the motion to dismiss the appeal must be sustained.

Appeal dismissed.

Whole court sitting.