### Kinner et al. v. Zachem.

(Decided May 27, 1938.)

JAMES D. ATKINSON and JOHN F. COLDIRON for appellant.
LOVEL H. LILES for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Dismissing appeal.

At the election held November 1937 in Greenup, Ky., a city of the Fifth Class, appellant John Kinner, appellee, Harry W. Zachem, and W. P. Nichols were competing candidates for the office of Mayor of the city of Greenup. The names of all said candidates were placed upon the official election ballot pursuant to petition of the voters of the city of Greenup, under authority of section 1453 Kentucky Statutes. The election commissioner counted and certified 262 votes for the appellant; 148 votes for appellee, and 113 votes for Nichols, and appellant having received the highest number of votes as shown by the election returns he was awarded the certificate of election.

Within due time appellee filed his petition in equity

in the Greenup circuit court contesting the election of appellant upon the ground that his petition filed with the county court clerk authorizing his name to be placed upon the official ballot was defective and void. Appellant filed his answer and counter-claim traversing the allegations of the petition and pleaded affirmatively, among other things, as a counter-contest, that appellee's petition was also defective and void and for that reason he was not legally elected. Upon trial of the case on January 22, 1938, the chancellor adjudged appellant's petition defective and void and that his name not being legally on the ballot the votes cast for him were likewise void; and further adjudged appellee's petition sufficient and that his name was legally on the ballot and all votes cast for him were valid, and having received the majority of the valid votes cast, adjudged him duly elected to the office of mayor, to which judgment appellant excepted and prayed an appeal to this court, which was granted.

Within due time appellant filed the record with this court together with an appeal bond, or purported appeal bond, and appellee, questioning the validity of the bond, filed his motion to dismiss the appeal. Grounds of reversal and affirmance are urged by the respective parties upon the merits of the case, but we will first consider the motion to dismiss the appeal.

Omitting the caption, the appeal bond reads as follows:

"J. D. Kinner having prayed an appeal from the judgment of Greenup Circuit Court rendered on the 22 day of January, 1938, Now we covenant that the said J. D. Kinner will satisfy and perform the judgment that shall be rendered upon the appeal.

"Witness our hands this the 26 day of January, 1938.

"J. D. Kinner
"D. B. Warnock"

It is seen that the bond names no obligee nor is it conditioned for the payment of all costs and damages the appellee may sustain by reason of the appeal, as required by section 1596a-12, Kentucky Statutes, providing for and how appeals may be taken in election contest cases.

In the case of Barker et al. v. Blankenship et al., 271 Ky. 213, 111 S. W. (2d) 592, involving a local option election contest, the appellant executed an appeal bond in substance the same. as the bond executed in the present case, and it was held that the bond was fatally defective and the motion to dismiss the appeal was sustained. The case, supra, and authorities cited therein are conclusive that the bond in the present case is defective, in that it fails to comply with the mandatory requirements of the statute, supra, made and provided in such cases.

However, on March 25, 1938, more than 60 days after the rendition of the judgment in the circuit court, appellant executed before the clerk of this court an amended appeal bond which is in form and substance correct.

The statute, supra, providing for appeals in election contest cases requires that the record, together with the bond required by the statute, be filed in the Court of Appeals within 30 days after the rendition of the judgment in the circuit court. The amended bond tendered and filed with the clerk of this court was not within 30 days, but in fact more than 60 days after the rendition of the judgment. The original bond being fatally defective, in that it failed to comply with the mandatory provisions of the statute, it cannot be treated as a bond at all, and the denominated ''amended'' bond comes too late. Whitt v. Reed, 235 Ky. 758, 32 S. W. (2d) 324, and cases cited therein.

And furthermore, it is the settled rule that the execution of a supersedeas or appeal bond in this court in election contest cases under the provisions of section 1596a-12 of the statutes is not a compliance with the statute. Patterson v. Davis, 114 Ky. 77, 70 S. W. 47, 24 Ky. Law Rep. 842. If it be conceded that appellant had the right to amend his bond such amended bond should have been executed before the clerk of the circuit court.

Appellant relies upon the case of Galloway v. Bradburn, 119 Ky. 49, 82 S. W. 1013, wherein it was held that a defective bond may be amended, but that opinion is not clear whether or not the amended bond was executed before the clerk of circuit court or the clerk of the Court of Appeals. However, it may be inferred from that opinion that the bond was executed before

the clerk of this court. But, be that as it may, and conceding, without deciding, that that opinion is in conflict with the more recent opinions of this court cited herein, we deem it proper to follow the latter class, which appears to us to be more consistent with the statute. The right to contest elections as well as the right to appeal from the judgments of the circuit courts in such cases is purely statutory and a compliance with the mandatory provisions of the statute is necessary. The statute specifically provides that appeal bonds in such cases shall be executed before the clerk of the circuit court and within a fixed time, and the courts are without authority to amend the statute under guise of construction by substituting the clerk of the Court of Appeals for the clerk of the circuit court.

It is our conclusion, therefore, that the second or amended bond executed before the clerk of this court is not a substantial compliance with the mandatory provisions of the statute, and therefore ineffective.

Wherefore, the motion to dismiss the appeal is sustained.

Appeal dismissed.