Ewing v. Stanley.

---

CASE 88—MOTION BY GLENDORA M. STANLEY, APPELLEE, TO DISMISS THE APPEAL OF S. R. EWING AGAINST HER FOR FAILURE TO FILE TRANSCRIPT IN TIME.—JUNE 22, 1901.

(Omitted in former reports.)

# Ewing v. Stanley.

APPEAL FROM DAVIESS CIRCUIT COURT.

MOTION TO DISMISS APPEAL SUSTAINED.

APPEALS—DISMISSAL—FAILURE TO FILE TRANSCRIPT IN TIME.

Where a motion is made by appellee in the court of appeals to dismiss the appeal on the ground that the transcript is not filed twenty days before the first day of the second term of the court of appeals after the rendition of the judgment in the lower court, appellant can not impeach the record by filing the affidavit of the deputy clerk of the court to the effect that the judgment appealed from was not handed into the clerk's office and entered of record until a date later than that shown by the record. If appellant was delayed in obtaining a transcript by the delay of the court he should have obtained an extension in this court for filing it.

SWEENEY, ELLIS & SWEENEY, FOR APPELLANT.

J. D. ATCHISON, FOR APPELLEE.

Ewing v. Stanley.

Opinion of the court by CHIEF JUSTICE PAYNTER—Dismissing.

The judgment from which the appeal was granted purports to have been rendered November 10, 1900. The appeal was granted in the court below. Section 738, Civil Code of Practice, provides that the appellant shall file the transcript in the office of the clerk of the court of appeals at least twenty days before the first day of the second term thereof next after the granting of the appeal, unless the court extended the time. Section 740 provides that if the appellant fails to file the transcript within the time allowed by section 738, his appeal shall be dismissed. The transcript had not been filed on the 19th of the present month, and thereupon the appellee filed a copy of the judgment, etc., and moved to dismiss the appeal. The court not having extended the time for filing the transcript, the appeal should be dismissed, unless for the reasons hereinafter stated.

In order to prevent the motion to dismiss from prevailing, the appellant filed the affidavit of a deputy in the office of the circuit clerk, to the effect that the judgment mentioned was not handed into the clerk's office by the special judge and entered of record until the 19th of January, 1901. He thus seeks to impeach the correctness of the date of the order of the court by an affidavit. We do not think he should be permitted to do so. The records of the court should not be disregarded in the manner proposed. If the appellant was delayed in obtaining a transcript by the delay of the court, which he claims existed, he could have obtained an extension in this court for filing it.

The appeal is dismissed.