## City of Corbin v. Underwood, et al.

(Decided October 18, 1927.)

Appeal from Whitley Circuit Court.

1. Action.—Jailer's action against city and county, complaining of order requiring him to transport prisoners from jail to defendant city 20 miles distant for trial without any provision for reimbursing him for expenditures, held properly brought under Declaratory Judgment Act (Acts 1922, c. 83).

2. Appeal and Error.—Appeal from judgment in action, brought under Declaratory Judgment Act (Acts 1922, c. 83), held dismissible for failure to perfect within 60 days allowed therefor by section 5.

STEPHENS & STEELY and T. B. CULTON for appellant.

TYE, SILER, GILLIS & SILER for appellee Underwood.

W. B. EARLY for Whitley county.

Opinion of the Court by Judge McCandless— Dismissing appeal.

On the first day of the regular September, 1926, term of the Whitley circuit court, upon consideration of an application properly made therefor by that portion

of the city of Corbin lying within Whitley county, the following order was entered:

"It appears to the satisfaction of the court that the city of Corbin has complied with the Acts of the General Assembly, 1926, being chapter 37 of said acts. It is therefore ordered by the court that the last three weeks of this term of court, to-wit, October 11th to the 30th, both inclusive, and all court days in between be and they are hereby designed as the Corbin term of this court and shall be held in the city of Corbin as provided by said acts. And the clerk of this court shall make up a docket for the Corbin branch of this court."

Later at the same term of court William Underwood, the duly elected, qualified, and acting jailer of Whitley county, filed suit under the provisions of the Declaratory Judgment Act (Acts of 1922, c. 83) against Whitley county and the city of Corbin, setting out all the facts relative thereto, and asserting that over his protest an order had been entered of record in that court on the 29th of September ordering plaintiff to transport and produce in court in Corbin, during the pendency of such court, all prisoners in his custody as were to be tried at Corbin when directed so to do by the court, and to make all necessary and proper arrangements for their transportation and safe-keeping. But that it failed to make any provision for reimbursing him for so doing. He further alleged that Corbin was approximately 20 miles from Williamsburg, and, it would entail great expense upon him in transportation fees and the payment of extra guards and board while at Corbin, and asked that he should be reimbursed for such expenses. In the alternative, he alleged that, if the act should be so construed as to deny him this relief, his compensation as jailer would be materially reduced, and, in effect, his salary would be changed during his term of office, and prayed that if such a construction was adopted that the act be held invalid. The city of Corbin and the county of Whitley demurred generally to the petition, and the demurrer was overruled. Upon their failing to plead further, judgment was entered requiring the petitioner to render the services mentioned, and adjudging that he should be reimbursed therefor by the city of Corbin, payment to be made from vouchers properly verified by him. To all of

which the city of Corbin excepted and was granted an appeal. Judgment was entered on the 26th of October and transcript of the record filed in the office of the clerk of this court on January 24, 1927. Motion was entered to dismiss the appeal for lack of jurisdiction, but this was passed to a hearing on the merits and must be considered first.

Clearly the suit was properly brought under the Declaratory Judgment Act, and the appeal was not prosecuted for more than 60 days thereafter, and the time has not been extended by any order of court. Section 5 of the Declaratory Judgment Act authorizes an appeal within 60 days after the judgment becomes final and for an order of court extending the time for such purpose not beyond a day in the next succeeding term of court, and concludes:

> "Should the party aggrieved not take and perfect an appeal to the Court of Appeals, within the time above provided, the Declaratory Judgment, order or decree, shall become final, and no appeal or proceeding to modify or reverse shall thereafter be allowed."

This language is mandatory and needs no elucidation. We have so held in Murray Motor Co. v. Overby, 217 Ky. 198, 289 S. W. 307.

It follows that the court has no jurisdiction of the appeal which is now dismissed.