# Supreme Tent of Knights of Maccabees of World v. Dupriest.

(Decided January 24, 1930.)

C. H. WILSON, JOHN H. McILWAIN, and CECIL C. WILSON, for appellant.

CHARLES FERGUSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—
Dismissing appeal.

This is an action brought under the provisions of sections 639a-1 to and including section 639a-12 of the Civil Code of Practice, and is an act of March 23, 1922, and is on page 235 of the published acts of the Legislature at that session. Section 639a-5 of the Code, and which is section 5 of the act, prescribes that a dissatisfied party to a judgment in such a proceeding may prosecute an appeal to this court "within sixty days after such judgment, order or decree has become final," unless the time be extended by the court, but which extended time cannot exceed 120 days from the time the judgment was rendered by a court of continuous session, or beyond a day in the succeeding term in courts not of continuous session. Appeals from such judgments not perfected within the prescribed time were dismissed by us in the cases of City of Corbin v. Underwood 221 Ky. 413, 298 S. W.

1090; Lady v. Lady, 225 Ky. 679, 9 S. W., (2d) 1003; Johnson v. Johnson, 225 Ky. 681, 9 S. W. (2d) 1004, and others both preceding and following them.

The judgment here involved was rendered by the judge of the Livingston circuit court, which was and is one not of continuous session, and no extension of time whatever was made, given, or asked within which an appeal to this court might be prosecuted.

It appears in the record, and is so stated in the statement of appeal required by section 739 of the Civil Code of Practice, that the judgment appealed from was rendered "at the April term 1929 of the Livingston Circuit Court, and on the 13th day of April 1929" and is found on page 92 of the transcript of the record. That page of the transcript contains this statement purporting to be a part of the record of the Livingston circuit court: "And thereafter to wit, April 13th, 1929, same being the 6th day of the regular April (1929) term of the Livingston Circuit Court, the following order was made and appears of record in Civil Order Book TT page 173, and is as follows to wit." That statement is immediately followed by the judgment appealed from, and, as stated, there is nothing in the entire transcript remotely questioning its accuracy.

The judgment grants an appeal to appellant, who was defendant below, to this court, but it was not perfected or attempted to be prosecuted until September 16, 1929, by appellant filing the transcript with the clerk of this court in the usual way. Appellee, Dupriest, who was the plaintiff below, has made a motion to dismiss the appeal because not prosecuted within the time prescribed by the Declaratory Judgment Statute, supra, i. e., within 60 days after the rendition of the judgment, or within any legally granted extended time for that purpose. Appellant resists the motion by attempting to manifest in this court by what counsel terms a supplemental record (and which is sought to be filed as a part of the original record), in which it appears from a statement or certificate of the clerk of the Livingston circuit court, and from letters passing between counsel and the judge of the court, that, although the judgment appears of record to have been rendered on April 13, 1929 (which was the last day of that term of the court), it was not actually rendered until later and in vacation and then entered as of the last day of the term, and was not signed by the presiding judge until the following September

term of the court a few days before the appeal was taken by filing a copy of the transcript with the clerk of this court, and which was within 60 days from the date the record was signed (as so contended) by the trial judge and became effective as a judgment.

In support of that motion, the interpretation and operation of the rule relating to verity of judgments as announced by this court in the cases of Bennett v. Tiernay, 78 Ky. 580; L. & N. R. R. Co. v. Board of Trustees of Elizabethtown District Public Schools, 105 Ky. 358, 49 S. W. 34, 20 Ky. Law Rep. 1228; Monarch v. Brey, 106 Ky. 688, 51 S. W. 191, 21 Ky. Law Rep. 279; Trust Company of America v. Casey, 131 Ky. 771, 115 S. W. 780; Desha's Adm'r v. Harrison County, 141 Ky. 692, 133 S. W. 545; May v. Duncan, 157 Ky. 586, 163 S. W. 1089; Interstate Petroleum Co. v. Farris, 159 Ky. 820, 169 S. W. 535; Fox v. Lantrip, 169 Ky. 759, 185 S. W. 136; Union Gas & Oil Co. v. Indian-Tex Petroleum Co., 203 Ky. 521, 263 S. W. 1; Morrow Manufacturing Co. v. Race Creek Coal Co. et al., 222 Ky. 807, 2 S. W. (2d) 662, and other cases cited in those opinions, to the effect that a judgment is not complete until it is signed by the judge rendering it, and that an unsigned judgment rendered at one term of court and signed at a subsequent one does not become effective until it is so signed, is relied on.

Under the express holding in the Interstate Petroleum case, supra, the point would be well taken and the motion to dismiss the appeal would have to be overruled (having been prosecuted within 60 days after the date of the alleged signing of the judgment at the September, 1929, term of the court in which it was rendered), if the fact of the deferred signature of the judgment by the trial court was properly manifested to this court, i. e., if there was anything in the record as having transpired in the trial court to show that the judgment was not signed until the first succeeding term after which it was actually rendered, or after the date upon which it appears to have been rendered by the transcript before us. Manifestly, the effort to develop that fact in this court for the first time is a collateral attack of the record, which says that the judgment was actually rendered on April 13, 1929.

It was expressly held by this court in the Tiernay, Desha and Lantrip cases, supra, that after the judgment is signed it becomes effective, at least between the parties, for all purposes, and that parol testimony is not

admissible in a collateral attack to show that the judgment was not rendered on the day it purports to have been done. The language of the court in the Tiernay case so holding, is: "But whatever orders are so entered by the clerk become, when signed by the judge at the next term, as much the act of the court as if they had been entered and signed during the term; and parol evidence is not admissible to show that they were not so entered and signed, except in a direct proceeding to set them aside. After such orders are signed the record imports absolute verity, and they must for every purpose be treated as orders of the term at which they purport to have been made. What power the court may have over them at the next term, before they are signed, we are not now called upon to decide." That excerpt was quoted and approved in the Desha opinion and was referred to, approved, and adopted in the Lantrip opinion, and it is in accord with the universal rule applicable to the verity of judgments. The rule so announced by this court in the cases referred to is in harmony with the general rule upon the subject as will be seen from the text in 22 C. J. 1081, sec. 1409, saying: "A statement of the record as to the time of signing or entering up a judgment is a material part thereof and hence cannot be contradicted by parol or extrinsic evidence; and the same rule applies to orders, except in a direct proceeding to set them aside." Many cases from other courts are cited in the note in support of that doctrine, among which is the domestic case, supra, of Bennett v. Tiernay.

The letters of the attorneys written to the judge of the court at his home in Madisonville, Ky., as well as the statement of the clerk of the court, are each and all extraneous to the record, and constitute no more than parol testimony seeking to impeach the record in this case, which says that the judgment appealed from was rendered on April 13, 1929, and their introduction seeks to establish the impeaching fact that it was actually signed and became effective at the next succeeding September term of the same court, and which, according to the last-cited cases, supra, cannot be done in that manner. If there had been an objection to the judge signing the record at the time he did, or if counsel for appellant had then manifested of record in some legal way the true date of the signature, thereby furnishing some record evidence of the facts, the question would be properly presented, and the case would then be brought within the

rule stated in the Interstate Petroleum Company case, supra. In the absence of some such record evidence of the essential impeaching fact or facts, we conclude that it or they cannot be established for the first time in this court in the collateral attack of the record here made for the purpose of avoiding the effect of the true date of the judgment as appears of record. To approve the rule sought to be applied by counsel for appellant would, not only destroy the verity of judgments, but would result in great confusion, and would unsettle the rights of litigants that are supposed to be fixed and determined therein, unless reversed or modified in some way pointed out by the prevailing practice. They are not subject to alteration, amendment, or change by any such unstable and untrustworthy methods.

Since, therefore, the tendered additional transcript consists in nothing more than extraneous evidence to establish the impeaching fact, and which it is ineffective to accomplish, the motion to file it is overruled, and, following the principles hereinbefore discussed, as announced in the Tiernay, Desha, and Lantrip cases, it is apparent that the motion to dismiss the appeal should be, and it is, sustained, and the appeal is dismissed.