## Whitt v. Reed.

(Decided October 28, 1930.)

CALLOWAY HOWARD and A. F. BYRD for appellant.

W. R. PRATER and H. H. RAMEY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Dismissing appeal.

At the regular election held in the month of November, 1929, C. S. Reed and Malcolm Whitt were rival candidates for the office of member of the board of education in educational division No. 1 of Magoffin county. Reed received more votes than Whitt and was awarded the certificate. Whitt contested the election and on the final hearing Reed was declared elected. Whitt appeals.

At the outset we are confronted by a motion to dismiss the appeal. The statute reads:

"Either party may appeal from the judgment of the circuit court to the court of appeals by giving bond to the clerk of the circuit court, with good surety, conditioned for the payment of all costs and damages the other party may sustain by reason of the appeal and by filing the record in the clerk's office of the court of appeals, within thirty days after the final judgment in the circuit court." Section 1596a-12, Ky. Stats.

Under this statute the execution of the required bond and the filing of the record in this court within 30 days

after final judgment in the circuit court are necessary in order to perfect the appeal. The record before us does not disclose that the required bond was executed. Moreover, final judgment was rendered on April 30, 1930, and the record was not filed in this court until June 24, 1930, which was long after the time fixed by the statute. As the appeal was not perfected in the manner or within the time required by the statute, the motion to dismiss will have to be sustained. Bingham v. Anderson, 199 Ky. 680, 251 S. W. 973; Philips v. Robinson, 225 Ky. 682, 9 S. W. (2d) 995.

Wherefore the appeal is dismissed.