## Ohio-Kentucky Coal Company v. Auxier.

(Decided June 5, 1931.)

J. J. MOORE for appellant.

A. E. AUXIER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Dismissing appeal.

This case concerns the ownership and right in and to the oil and gas in a tract of land in Pike county containing 72.6 acres. The appellant and defendant below, Ohio-Kentucky Coal Company, claims title to such mineral rights under a lease that it obtained from the then owners of the land, J. W. Damron and wife, on August 10, 1910; or, rather, it insists that under its lease it was given an option to purchase such mineral rights when the owners of the land (its lessors in the lease it obtained of that date), upon which it obtained its coal lease of that date, concluded to dispose of the oil and gas under their land; provided defendant would then make as profitable an offer therefor as could be obtained from any other person. Subsequently the owners sold their land without disposing of the oil and gas thereunder, and the vendee thereafter executed an oil and gas lease to the appellee and plaintiff below, Ben H. Auxier, and this equity action was then instituted by him in the Pike circuit court against defendant to determine the ownership of the oil and gas in the tract of land, and to have it adjudged that he was the owner thereof, and that defendant had no rights therein.

The court sustained the prayer of plaintiff's petition, and adjudged that he was the owner of the oil and gas under the tract of land, and that defendant had no interest in it, or claim to it; and from that judgment it prosecutes this appeal. After setting out the facts, and immediately preceding its prayer, the petition says:

> "Plaintiff brings this action under Sections 639a-1 to 639a-12, inclusive, of Carroll's Kentucky Civil Code of Practice commonly known as the Declaratory Judgment Act, and says that an actual controversy exists with respect to the matter, and as herein stated." The prayer of the petition begins: "Wherefore, plaintiff prays for a declaration of his rights with respect to the subject matter," etc.

The case is therefore one which by its express terms was and is brought under our Declaratory Judgment Act, and which is now the sections of our Civil Code of Practice, as is stated in the excerpt, supra, from the petition. Under section 5 of the act (now section 639a-5 of

our present Civil Code of Practice) it is expressly provided that an appeal may be prosecuted to this court from the judgment rendered in such an action "within sixty days after such judgment, order or decree has become final, unless the time be extended by the court, but in no event in courts of continuous session beyond 120 days from the time that such judgment, order or decree became final, and in other courts beyond a day in the succeeding term to that in which the judgment, order or decree became final."

The inserted portion of the statute was before us in the cases of City of Corbin v. Underwood, 221 Ky. 413, 298 S. W. 1090; Lady v. Lady, 225 Ky. 679, 9 S. W. (2d) 1004; Murray Motor Co. v. Overby, 217 Ky. 198, 289 S. W. 307, and the recent case of Supreme Tent of Knights of Maccabees of the World v. Dupriest, 238 Ky. 352, 38 S. W. (2d) 241, and in all of them we announced the rule of practice to be that, unless the appeal from the judgment rendered in a case brought under that statute was perfected within 60 days after the judgment became final, or within the permissible extended time given by the statute, an attempted appeal would be dismissed, upon the manifest ground that an appeal filed after such periods could not be considered by us for want of jurisdiction.

The judgment in this case was rendered by the Pike circuit court on April 30, 1930, and it became final at that time. No extension of time for prosecuting an appeal to this court was obtained by defendant, nor was any application made for any such extension, and the transcript was not filed in this court until February 28, 1931, lacking only two days of being ten months after the rendition of the judgment appealed from.

It is therefore clear that, under the statute and the opinions supra construing and applying it, we are without jurisdiction to entertain this appeal, and for which reason it is dismissed.