## Helsley v. McKenzie.

April 17, 1945.

Rodes K. Myers and Leland H. Logan for appellant.

H. G. Davis and John A. Whitaker for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Dismissing appeal.

Appellant was charged by indictment with willful murder. Following its return the court overruled his motion for bail; he then filed petition for writ of habeas corpus. On February 16, the court denied the writ. The procedure followed Code provisions as construed in Wells v. Com. (Wells v. Dunn) 299 Ky. 51, 184 S. W. 2d 223, following Smith v. Henson, 298 Ky. 182, 182 S. W. 2d 666. The record was filed on March 21.

It failed to show the service of notice of appeal on the jailer, the "other party."

The Attorney General has moved to dismiss the appeal, because not filed in the time provided in sec. 429-1, Criminal Code, and of failure to give the notice as required by the Code. The contention is that the Code requirements are mandatory, and failure to comply deprives this court of jurisdiction to review. We dismissed Hudgeons v. Commonwealth, 292 Ky. 845, 168 S. W. 2d 359, because the transcript was filed too late. Likewise in Ohio-Kentucky Coal Co. v. Auxier, 239 Ky. 442, 39 S. W. 2d 662, in construing the Declaratory Judgment Act and where transcript was filed after the sixty day period. In each, and others which might be cited, we held that an appeal filed after expiration of the statutory period would be dismissed for lack of jurisdiction.

Prior to the enactment of Ch. 93, Acts 1940, there was no appeal from the decision in habeas corpus proceedings. Nor was there, nor is there now, direct appeal allowed from the judgment of a court in denying bail. As we have construed the Act, the result is, in this class of cases, nothing more nor less than a review of the action of the court of first instance in denying bail. The act extended to one asserting that he was being illegally detained, the right of appeal from an adverse order. This was a matter purely legislative, and one seeking advantage of its benefits must follow its terms in order to give this court jurisdiction.

Section 429-1, Criminal Code, specifically provides that the appeal may be taken by filing the transcript "together with a notice of appeal * * * served on the other parties at least two days before the appeal is filed." The notice is to be a part of the transcript, and the appeal is not perfected unless the notice is served on the other party as required. It is the general rule that if the appeal is granted below no notice is necessary, if appeal is filed within periods fixed by the statute, but when the law requires notice as a prerequisite the failure to serve and file is as fatal in so far as the jurisdiction of this court is concerned, as the failure to file the record in time.

Counsel for appellant, not contending that there was not lack of notice or was a timely filing, insist that the provisions are not mandatory, or if so should not be

strictly applied where one seeks relief from an alleged illegal detention. Section 429 of the Criminal Code is directed to our attention; it provides that the judgment upon a trial under a writ of habeas corpus shall not prevent the issuing of another writ for the same cause. It is argued that a dismissal of this appeal would or could bring about a duplicity of procedure and a multiplicity of litigations. Whether or not extension of the right of appeal in this character of cases would have the effect of annulling that provision of the Code, we need not determine. However, the possibility of a repetition of procedure would not serve to give this court jurisdiction. This argument leads us to say that we have gone to the extent of reading the record, supplemental record, and the evidence, and are convinced that the Court did not act arbitrarily or capriciously in denying the writ, Wells' case, supra, or that appellant established the fact that the denial of bail was contrary to law, or to his constitutional rights in the premises. Smith v. Henson, supra.

The appeal is dismissed.