## Mitchell v. Demunbrun et al.

Sept. 28, 1945

Pleas Sanders for appellant.

A. J. Bratcher, C. E. Whittle and T. H. Demunbrun for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Dismissing appeal.

Alton Mitchell petitioned the Edmonson Circuit Court to count the ballots cast at the recent primary election in the race for the Republican nomination for

membership in the House of Representatives. It had been found by the election commissioners that his opponent, L. A. Demunbrun had received four more votes than he. The court recounted the ballots cast in Edmonson County, but upon proof that the County Clerk of Butler County had not taken the ballot boxes into his custody after the original count, because he had been a candidate for office in the same election, but had permitted the janitor of the courthouse to take charge of them, the court was of opinion that as they had never been in the custody of the officer charged with the duty of preserving them, the integrity of the ballots was not established. The court adjudged that the petition for a recount should be dismissed, and Mitchell was granted an appeal.

The appellee has filed a motion to dismiss the appeal because the record was not filed within time to give this court jurisdiction. It is well settled that the prosecution of an appeal within the time prescribed by the statute is a pre-condition to jurisdiction. Whitt v. Reed, 235 Ky. 758, 32 S. W. 2d 324.

The right to appeal from a judgment in a recount proceeding is conditioned upon the execution of a supersedeas bond and ''filing the original papers and transscript of the orders in the Court of Appeals within ten days after the entering of the judgment.'' Kentucky Revised Statutes 122.060. In the early days this court established the rule that where the computation of time is to be made from an act done then the day upon which it is done must be included. The rule has been consistently followed in the construction and application of the provisions of the statutes and codes of practice, although it is otherwise as to provisions of the Constitution. Lewis v. Cozine, 234 Ky. 781, 29 S. W. 2d 34. And the Legislature has so declared this rule for construing the statutes with respect to their provisions for computing time. KRS 446.030. The act done in this case was the entering of the judgment. Some other statutes of limitations on the right of appeal or to take other action with relation thereto, read ''rendition of the judgment'' or ''when the judgment becomes final.'' But we take all of these expressions to mean the same thing, that is, from the signing of the judgment or order book by the trial judge, for an order is of no validity until so signed, and time does not begin to run until the judgment is signed.

Interstate Petroleum Company v. Farris, 159 Ky. 820, 169 S. W. 535; Supreme Tent of Knights of Maccabees of World v. Dupriest, 238 Ky. 352, 38 S. W. 2d 241. It is the duty of the Circuit Clerk to enter the proceedings of each day of court on the order book and the duty of the Judge to sign the orders. KRS 28.050. The record in the judgment book must show the date of the judgment. KRS 28.100. It is always to be presumed that officers have done their duty. It is especially so where the record shows they did. The record in this case shows the judgment to have been entered on August 25, 1945. The appeal was filed in this court September 4th. Computing the time from the act of entering the judgment, the 25th must be included in the computation, and as the appeal was not perfected until the eleventh day it was too late.

In response to the motion to dismiss the appeal, the appellant has filed the affidavit of the Circuit Clerk that the judgment was presented to him by the attorneys in the case on August 29th and he entered it on the order book and took it to the Judge at his home in another county, on that date. The Judge instructed him to caption the judgment as of August 25th the date recited therein as having been rendered although it was actually entered on the 29th and signed by the Judge on that day. This is not supplementing the record, but is an attempt to supersede it. The filing of the affidavit with the response is but a collateral attack upon the record and an effort to impeach its verity by extraneous and parol evidence, presented for the first time in this court. Obviously, that cannot be recognized. Ewing v. Stanley, 119 Ky. 689, 63 S. W. 984, 23 Ky. Law Rep. 739; Roberts Cotton Oil Company v. Dodds & Johnston, 163 Ky. 695, 174 S. W. 485. Of special application is our opinion in the Dupriest Case, cited above, 238 Ky. 352, 38 S. W. 2d 241. The record showed a declaratory judgment to have been entered on April 23, 1929. The appeal was perfected or filed September 16th. An appeal from a judgment of that character must be taken within sixty days after it becomes final unless the time be extended by the court. Section 639a—5, Civil Code of Practice. In opposition to a motion to dismiss the appeal because not perfected in time, the appellant filed a statement or certificate of the Circuit Clerk, together with correspondence between the attorneys and the Judge, showing that the judgment had

been rendered at a later date, during vacation, but entered on the order book as of the last day of the preceding term, namely, April 23rd, and not signed by the presiding judge until the following September term, just a few days before the appeal was perfected. The opinion gives sound reasons, supported by judicial authority, for not permitting the record to be thus impeached and justifying the conclusion that the appeal should be dismissed, as it was.

We are of opinion, therefore, that the appellee's motion to dismiss this appeal should be, and it is sustained.

Appeal dismissed.