## Dehart v. City Of Olive Hill et al.

October 3, 1947.

Rehearing denied November 25, 1947.

R. C. Littleton, Judge.

O. F. Duvall and D. V. Kibbey. for appellant.

R. T. Kennard, H. R. Wilhoit and C. W. Grafton for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER
—Sustaining motion.

A declaratory judgment was rendered on May 16, 1947, which had the effect of approving the legality of revenue bonds to the amount of $80,000, proposed to be issued and sold by the City of Olive Hill for the satisfaction of some outstanding warrants and the improvement and extension of the electric distribution system, owned and operated by the City. The record of appeal was filed in this court on July 15, 1947.

The appellees have moved to dismiss the appeal for want of jurisdiction, since it was not taken and perfected ''within sixty days after'' the judgment had become final. Civil Code, Section 639—5. In opposition to the motion, the appellants say in brief that the judgment was not signed until May 17th, and submit that that is the day from which the time should be counted. The record does not sustain the statement, for the caption of the entry in the order book shows the judgment was rendered on the 16th, and the draft of the judgment bears the signature of the Judge as of that date. In the absence of an official record to the contrary, it must be presumed that the 16th is the date on which the judgment was signed on the order book and became final. Supreme Tent of Knights of Maccabees v. Dupriest, 238 Ky. 352, 38 S. W. 2d 241; Mitchell v. Demunbrun, 300 Ky. 477, 189 S. W. 2d 682.

By statute, KRS 446.030 and a long line of decisions (of which Salisbury v. Commonwealth, 254 Ky. 77, 70 S. W. 2d 987, is typical) where time is to be computed from an act or event, the day on which it was

done or occurred must be included in the computation. It would have been possible for this appeal to have been taken and perfected on that very day. It seems that in some other jurisdictions, the rule is to exclude the day on which a judgment was rendered. 3 Am. Jur., Appeal and Error, 423. But the terms of the statutes in those states may be different from our several statutes pertaining to appeals. In this computation we must, therefore, include May 16th, so that the sixty days within which the appeal must have been perfected expired at midnight, July 14th; hence the appeal filed July 15th was one day outside the period of limitations.

The motion to dismiss the appeal is sustained.