## Montgomery v. Whaley.

November 10, 1950.

J. Wirt Turner, Judge.

Sam Montgomery, pro se.

A. E. Funk, Attorney General and W. Owen Keller, Assistant Attorney General, for appellee.

JUDGE HELM—Dismissing appeal.

On October 16, 1950, appellant, Sam Montgomery, filed a petition for writ of habeas corpus in the Oldham Circuit Court, stating that he was being unlawfully de-

tained at the Kentucky State Reformatory at LaGrange on an illegal and void "mittimus commitment" from the Criminal Division of the Jefferson Circuit Court on the charge of "assault with an offensive weapon with intent to rob," in violation of KRS 433.150. Appellant alleged that he was being held in violation of his constitutional rights, and prayed that a writ of habeas corpus issue.

Appellee, R. L. Whaley, Warden of the State Reformatory, filed a response stating that he received the petitioner, Sam Montgomery, into the State Reformatory by "due and proper orders of the Jefferson Circuit Court"; that appellant was charged with a public offense and convicted of that offense; that appellant's "petition contains no cause of action to issue a writ of habeas corpus, inasmuch as no appeal has ever been taken in this case as required by law." Appellee also filed a general demurrer to the petition. The court sustained the demurrer to the petition, and dismissed appellant's petition. Appellant prayed and was granted an appeal to this court.

Criminal Code of Practice, section 429-1, provides: "Any party to a trial under a writ of habeas corpus may appeal to the Court of Appeals by filing with the clerk of the Court of Appeals, within ten days after the entry of the judgment, the original record and a transcript of the evidence, together with a notice of appeal, which notice shall be served on the other parties at least two days before the appeal is filed. * * *"

The record shows that the judgment was entered October 23, 1950. The "original record" was filed with the clerk of this court on October 31, 1950, but appellant was also required to serve "a notice of appeal" on the "other parties" at least two days before the appeal was filed here. This he has failed to do. For that reason his appeal must be dismissed. Donovan v. Harrison, 299 Ky. 714, 187 S. W. 2d 280; Helsley v. McKenzie, 299 Ky. 712, 713, 187 S. W. 2d 279.

Appeal dismissed.