**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Hattie RICHARDSON et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 10, 1967.

As Modified on Denial of Rehearing Feb. 23, 1968.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Kenneth S. Baker, Dept. of Highways, Frankfort, for appellant.

Harold Y. Saunders, Saunders & Mitchell, Shelbyville, for appellees.

EDWARD P. HILL, Judge.

This is an appeal from a judgment for $3018 in a highway condemnation case. The county court judgment was for $1510. Appellant contends in this court, as it did in the circuit court, that appellees' cross-appeal from the county court to the circuit court was too late; consequently, the judgment in the circuit court could not exceed the amount of the judgment in the county court.

The county judge signed and handed an order and judgment to the clerk for entry on July 12, 1965, bearing the same date. The judgment was not spread upon the order book by the clerk nor was the order book signed by the county judge until later. There is no evidence as to the exact date it was signed.

Appellee attempted to perfect a cross-appeal from the county court judgment on August 18, 1965, by filing a certified copy of the judgment as required by KRS 177.087. Such appeal must be taken within 30 days under the statute. In event the date the judgment bears is its true date, the cross-appeal was too late. The cross-appeal was timely if the judgment in the order book was signed no earlier than the 19th of July 1965.

Before discussing the law pertaining to this case, the facts should be stated. The judgment of the circuit court states that the deputy clerk could not remember the "exact date the judge signed the order"; that the county judge "could not state the exact date he signed"; but that it was "his custom to sign said book from one week to ten days after tendering same to the clerk." Appellant provides no transcript of evidence for this court to consider.

■ All parties agree that CR 79.01 and 79.02 do not apply to the signing of county court judgments. These sections only apply in circuit court. It is the date the *order book* is signed, not the date of the paper on which the judgment is written, that determines the effective date of the judgment in county court. Cf. Commonwealth, Department of Highways v. Clarke, Ky., 340 S.W.2d 442.

■ Should a county court judgment bear no date at all, or an incorrect one, it may be corrected under the provisions of CR 60.01. Cf. Commonwealth, Department of Highways v. Daly, Ky., 374 S.W.2d 497.

■ Under these facts, appellant may not attack the sufficiency of the evidence heard by the trial judge touching the question of when the county court judgment was signed on the order book. This is for the simple reason that the appellant failed to bring to this court a transcript of the evidence on that subject heard by the trial judge in any of the ways permitted in the various subsections of CR 75. The funda-

mental rule of appellate practice has been frequently recognized and was thus put in Wilkins v. Hubbard, 271 Ky. 780, 113 S.W. 2d 441, 442 (1938):

"It is a rule of universal application in this and all other appellate courts that where all the evidence is not brought up on appeal, every fact necessary to support the finding or judgment of the lower court must be assumed to have been in favor of the successful party. Louisville & N. R. Co. v. Garrard et al., 255 Ky. 127, 72 S.W.2d 1024, 1025; Hargis et al. v. W. T. Congleton Company, 252 Ky. 192, 66 S.W.2d 98; Bowen v. Gradison Construction Company, 236 Ky. 270, 32 S.W.2d 1014."

The same principle has been recognized since the adoption of the civil rules. See Travelers Indemnity Company v. Patrick, Ky., 386 S.W.2d 256 (1964); Crowe v. Taulbee, Ky., 350 S.W.2d 620 (1961); Willis v. Davis, Ky., 323 S.W.2d 847 (1959); Marcum v. Brock, Ky., 257 S.W. 2d 55 (1953).

The Commonwealth cites DeHart v. City of Olive Hill, 305 Ky. 864, 205 S.W.2d 351, 352 (1947), in which in opposition to a motion to dismiss the appeal a statement was made in appellant's brief "that the judgment was not signed until May 7th * * *."

We said:

"The record does not sustain the statement, for the caption of the entry in the order book shows the judgment was rendered on the 16th, and the draft of the judgment bears the signature of the Judge as of that date. In the absence of an official record to the contrary, it must be presumed that the 16th is the date on which the judgment was signed on the order book and became final (citations omitted)."

■ The trial judge was not required to make a formal finding of fact incident to his ruling on the motion to dismiss the cross-appeal. CR 52.01. The recital by the

trial judge of certain isolated statements of the witnesses cannot be considered a substitute for a transcript of the evidence heard. Even so, the recital by the trial judge that the county judge had testified of his "custom" to sign orders a "week to ten days" after signing the papers on which judgments were rendered furnishes abundant factual support for the ultimate ruling of the circuit court. It is apparent, and seems to be conceded, that the county court judgment was not signed on July 12, 1965. Appellant would place the absolute burden upon the appellees to demonstrate the exact date of the signing on the order book. This is too severe, particularly in face of the fact that those persons charged with the official responsibility for keeping accurate records, viz., the county judge and county court clerk, apparently were not able to depose with certainty the date of actual signing on the order book. The circuit judge was warranted in believing that the judgment was actually not signed until a "week or ten days" after July 12, 1965. Indeed, apparently there was no evidence which would have warranted the judge's finding that the judgment was signed at an earlier date.

■ It is basic principle that an appellant has the obligation and burden to establish trial error upon appellate review. When a record is incomplete and partially incomprehensible, we may indulge the presumption of correctness of the judgment upon review. Pike County Board of Education v. Varney, Ky., 253 S.W.2d 253 (1952).

Judgment is affirmed.

WILLIAMS, C. J., and MILLIKEN, PALMORE and STEINFELD, JJ., concur.