John HICKS, Appellant,

v.

MAGOFFIN COUNTY BOARD OF
EDUCATION, Appellee.

No. 2008–CA–001025–MR.

Court of Appeals of Kentucky.

Aug. 21, 2009.

Timothy Parker, Prestonsburg, KY, for appellant.

Donald W. McFarland, Salyersville, KY, for appellee.

Before COMBS, Chief Judge;
VANMETER, Judge; LAMBERT,[1]
Senior Judge.

## OPINION

VANMETER, Judge.

John Hicks appeals from a summary judgment entered by the Magoffin Circuit Court dismissing his claim relating to the failure of the Magoffin County Board of Education (Board) to hire him for the position of special education teacher/director. We affirm.

Hicks, a certified special education teacher, applied to the Board seeking the position of special education teacher/director for the 2002–03 school year. The Board declined to hire Hicks, instead hiring a noncertified but otherwise qualified teacher after obtaining an emergency certificate approved by the Kentucky Education Professional Standards Board. Hicks filed a complaint in the Magoffin Circuit Court, and discovery was conducted. Eventually both parties filed motions for summary judgment, and the trial court granted summary judgment for the Board. This appeal followed.

Hicks contends that the trial court erred by granting summary judgment for the Board. We disagree.

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

Summary judgment shall be granted only if "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR [2] 56.03. The trial court must view the record "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.,* 807 S.W.2d 476, 480 (Ky.1991). Further, "a party opposing a properly supported summary judgment motion cannot defeat it without presenting at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Id.* at 482. On review, the appellate court must determine "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft,* 916 S.W.2d 779, 781 (Ky. App.1996).

The matter now before us turns on the application of KRS 161.100, which addresses the issuance of emergency teaching certificates in pertinent part as follows:

When a district board of education satisfies the Education Professional Standards Board that it is impossible to secure qualified teachers for a position in a school under the control of the district board, the Education Professional Standards Board may issue emergency certificates to persons who meet the qualifications determined by the Education Professional Standards Board for emergency certificates.

A "qualified teacher" is defined by 16 KAR [3] 2:120, § 1, as a teacher "who holds the appropriate certification for the posi-

tion unless the superintendent of the employing school district has documented evidence that the teacher is unsuitable for appointment."

The application of KRS 161.100 was examined by this court in *Roberts v. Fayette County Bd. of Educ.,* 173 S.W.3d 918 (Ky. App.2005). Roberts was a certified special education teacher who was employed for four years but then was not rehired for the fifth year which would have provided him tenure. The record showed that students had complained of harassment by Roberts and that his previous principal had recommended that Roberts not be rehired. After submitting a letter of resignation, Roberts applied but was not hired for other teaching positions. Instead, pursuant to KRS 161.100, emergency certified teachers were hired for some of the positions. The circuit court granted summary judgment for the school board, finding that the record contained sufficient documentation to support the school superintendent's determination that Roberts was "unsuitable for appointment[,]" and therefore was not a qualified teacher for purposes of KRS 161.100 and 16 KAR 2:120. On appeal, Roberts argued that although the superintendent had the right to determine whether a certified teacher was "qualified" pursuant to 16 KAR 2:120, a genuine issue of material fact existed as to whether he in fact was qualified. This court disagreed, finding that Roberts had provided no evidence to support his claim that the superintendent abused her discretion in finding that Roberts was unqualified or to support his claim that the school board violated KRS 161.100 by implementing the superintendent's recommendation. The record was "replete with evidence that Roberts could indeed be found unsui-

**2.** Kentucky Rules of Civil Procedure.

**3.** Kentucky Administrative Regulations.

table for appointment[,]" 173 S.W.3d at 924, and Roberts had failed to meet his burden of presenting " 'at least some affirmative evidence demonstrating that there [was] a genuine issue of material fact requiring trial.' " *Id.* at 923 (quoting *Hubble v. Johnson,* 841 S.W.2d 169, 171 (Ky. 1992)). Therefore, this court affirmed the trial court's summary judgment in favor of the school board.

Here, as in *Roberts,* Hicks was a certified special education teacher who was rejected as a candidate for a teaching position which was awarded to an emergency certified teacher. The trial court reviewed the deposition testimony and concluded that the evidence was sufficient to show that Hicks was

> not a qualified teacher for purposes of being hired by the Defendant Magoffin County School System. Mr. Hicks' former employer, Floyd County School System, provided a poor recommendation of Plaintiff Hicks to the Defendant and absolutely did not recommend him for employment with Magoffin County and further there was testimony of record that Mr. Hicks was under review by the Professional Standards Board at the time of his application. The Court has also considered other testimony of record indicating additional factors which indicated that [Hicks] was not suitable for employment with [the Board] that included his poor communication skills and a poorly drafted application regarding spelling, punctuation and capitalization.

The trial court noted that the Board's hiring policy required it to consider the teacher's certification level, educational background, prior work experience, recommendations, and personal characteristics shown during the interview process.

However, regardless of whether Hicks was under review or already had been admonished by the Professional Standards Board at the time of his application, the Board clearly had before it substantial evidence relating to the factors it was required to consider.

The record on appeal does not include the deposition testimony and other evidence considered by the trial court below. Thus, as in *Roberts,* this court must presume, "[t]o the extent that the record is incomplete, ... that the omitted portions support the summary judgment." 173 S.W.3d at 923 (citing *Commonwealth, Dept. of Highways v. Richardson,* 424 S.W.2d 601, 603 (Ky.1967)). Because Hicks failed to meet his burden of providing affirmative evidence to show the existence of a genuine issue of material fact, we must conclude that the trial court did not err by granting summary judgment for the Board.

Hicks also contends on appeal that the Board erred by considering his admonishment by the state Education Professional Standards Board as a basis for finding him not qualified for appointment as a special education teacher. Not only was this issue not raised below, but the record shows that the Board relied upon substantial other grounds in reaching its decision.

The summary judgment entered by the Magoffin Circuit Court is affirmed.

ALL CONCUR.