# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: APRIL 18, 2019
NOT TO BE PUBLISHED

# Supreme Court of Kentucky FINAL

2018-SC-000280-MR  DATE 5/9/19 Kim Redman, Dc

WILLIAM FULTZ                      APPELLANT

V.           ON APPEAL FROM MADISON CIRCUIT COURT
HONORABLE WILLIAM G. CLOUSE JR, JUDGE
NO. 17-CR-00469-002

COMMONWEALTH OF KENTUCKY             APPELLEE

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

William Fultz conditionally pleaded guilty under Kentucky Rules of Criminal Procedure ("RCr") 8.09 to first-degree complicity to trafficking in a controlled substance (heroin) and to being a second-degree persistent felony offender. He received in the resulting judgment a sentence of up to 20 years' imprisonment. Fultz now exercises his right of appeal, asserting a single claim of error—that the trial court improperly denied two motions in limine he filed to exclude from evidence two sets of statements he made, one to police and one to individuals with whom he spoke while incarcerated. Fultz challenges the propriety of the trial court's rulings on grounds of relevancy and under Kentucky Rules of Evidence ("KRE") 404(b). Finding no reversible error in the trial court's rulings, we affirm the judgment.

# I. BACKGROUND.

A police officer stopped a car containing Fultz and three other individuals. During an interview that occurred after the stop, Fultz recounted to the officer the events surrounding the stop:

> Fultz: All right, I just passed you [the officer] and I seen you turn around the corner. So I pulled over to jump in the back because I knew I didn't have a license. When I turned the corner, she, the girl up front, grabbed the scales out from between her legs and threw them out the window and then she grabbed, I guess, the cigarette pack out from her chest area and threw it out the window. And then I jumped . . . in the back . . . by the time you walked up and started asking questions. And then when you walked back is when she started tucking more stuff in her vagina and he started tucking the other stuff into his thing. And he's just like, looked at me, and he's [saying] "just don't let them in the house, whatever, as long as you don't let them go through the house" and that's it, I told you everything.

Fultz also described the events occurring before the traffic stop. The day before the traffic stop, he picked up the other three individuals at a local motel and took them to his house, where they had dinner and spent the night. Fultz acted as the driver for the three individuals.

One of the subjects of the parties' evidentiary dispute below is the inclusion into evidence of statements Fultz made later in the interview that appear to have prompted police to suspect that Fultz and the other three individuals engaged in the trafficking of drugs. Upon further investigation, police later arrested Fultz and the three other individuals, charging all four with tampering with physical evidence and possession of a controlled substance. Two of the individuals were charged with aggravated trafficking in

2

heroin, and Fultz was charged with complicity to aggravated trafficking in heroin.

At arraignment, Fultz pleaded not guilty to all charges. During pretrial proceedings, he filed two motions in limine that are the subject of this appeal. First, Fultz sought to exclude from evidence statements he made during his police interview. Second, he sought to exclude from evidence statements he made in telephone conversations while he was incarcerated. The trial court denied both motions, and Fultz entered a conditional guilty plea, reserving the right to assert as error on appeal the trial court's denial of his motions in limine.

## II. ANALYSIS.

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person to show action in conformity therewith. It may, however, be admissible: (1) If offered for some other purpose, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident; or (2) If so inextricable intertwined with other evidence essential to the case that separation of the two (2) could not be accomplished without serious adverse effect on the offering party."[1]

"All relevant evidence is admissible, except as otherwise provided[.]"[2] "'Relevant evidence' means evidence having any tendency to make the existence

_____

[1] KRE 404(b).

[2] KRE 402.

3

of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[3] "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence."[4] "The inclusionary thrust of the law of evidence is powerful, unmistakable, and undeniable, one that strongly tilts outcomes toward admission of evidence rather than exclusion."[5] "The language of KRE 403 is carefully calculated to leave trial judges with extraordinary discretion in the application and use of [KRE 403]."[6] As Professor Lawson notes, the application of KRE 401, 402, and 403 "embraces not just a tilt toward admission over exclusion but a very powerful tilt in that direction."[7]

"The standard of review of an evidentiary ruling is abuse of discretion."[8] "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles."[9]

---

[3] KRE 401.

[4] KRE 403.

[5] Robert G. Lawson, *The Kentucky Evidence Law Handbook*, § 2.05[2][b] (5th ed. 2013) (citing *O'Bryan v. Massey-Ferguson, Inc.*, 413 S.W.2d 891, 893 (Ky. 1967)).

[6] Lawson, *supra* note 5 at § 2.15[2][b].

[7] *Id.*

[8] *Anderson v. Commonwealth*, 231 S.W.3d 117, 119 (Ky. 2007).

[9] *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000) (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

## A. The trial court properly denied Fultz's motion to exclude police interviews.

The first set of statements Fultz sought to have excluded from evidence, the subject of his first motion in limine that was denied, is essentially the entirety of his interview with police. The interview is quite lengthy, but the statements that Fultz sought to have excluded can be summed up as follows: 1) references to Fultz's past prison time; 2) an explanation of the relationship between Fultz and individuals with whom he is allegedly involved in the trafficking of drugs, including a history of how they met and references to past instances of selling drugs; 3) information about other individuals allegedly involved in a drug trafficking ring; 4) an explanation of Fultz's own past involvement in trafficking, his engagement in trafficking now, and how they differ; 5) an explanation of events leading up to the commission of the crimes at issue in this case; 6) the officer's attempt to recruit Fultz to act as a confidential informant; 7) statements by Fultz evidencing remorse; and 8) statements by the officer advising Fultz how to act so he is not detected as a confidential informant. We discuss each set of statements in turn to determine if the trial court abused its discretion in declining in limine to deny admissibility.

The Commonwealth and Fultz agreed that the first set of statements—references to Fultz's imprisonment history—would be redacted from the statement and not introduced at trial, and the trial court ordered these

statements to be redacted. The first set of statements is not at issue in this appeal.

As for the other statements, the trial court found all other statements to be admissible. Specifically, the trial court found that the statements regarding Fultz's prior trafficking and admissions about "how he does what he does" were probative of his complicity to traffic drugs. Furthermore, the trial court believed these statements to be relevant in proving that Fultz was "the fixer" and "the guy who put things together." Upon analysis of each statement, discussed below, the trial court's rationale for denying Fultz's motion in limine to exclude those statements supports our conclusion that the trial court did not abuse its broad discretion in denying Fultz's motion.

Regarding the second, third, and fourth sets of statements, Fultz himself concedes that this Court in *Walker v. Commonwealth*[10] held that evidence of prior drug transactions is admissible as evidence of intent to traffic drugs as long as "intent was an element of the charged offense, intent was genuinely in dispute, and the uncharged crime was relevant to prove intent to commit the charged crime."[11] Here, intent is an element of the crime of complicity to trafficking in a controlled substance.[12] And although we do not know what Fultz's defense would have been had this case gone to trial, the natural

---

[10] 52 S.W.3d 533 (Ky. 2001).

[11] Lawson, *supra* note 5 at § 2.30[4][c] (citing *Walker*, 52 S.W.3d at 535–38); *see also* *Hayes v. Commonwealth*, 175 S.W.3d 574 (Ky. 2005).

[12] *See* KRS 502.020.

6

assumption, based on the evidence that Fultz sought to exclude in his motions

for limine, is that Fultz would have challenged the existence of evidence of his

intent to engage in the criminal act. Finally, as we explained in *Walker*,

evidence of prior drug transactions is seemingly always relevant and admissible

in a case involving the crime of drug trafficking.[13]

Fultz's statements showing simply his relationship with other individuals

in an alleged drug trafficking ring and his knowledge of how those individuals

traffic drugs does not fall within the purview of KRE 404(b) because those

statements do not tend to prove bad conduct on the part of Fultz. But these

statements would be admissible under the relevancy provisions of that rule

because they do tend to prove knowledge about individuals purportedly

involved in a drug trafficking ring that may not be known by someone who is

not involved in a drug trafficking ring himself or with those individuals. This

relevant information is prejudicial to Fultz because it assists the

Commonwealth in proving the charges against him, but not unduly prejudicial

to bar admission under KRE 403.

The fifth set of statements is undoubtedly admissible because those

statements do not invoke application of KRE 404(b). Those statements

purportedly describe those events related to the commission of the crimes at

issue.

---

[13] *Walker*, 52 S.W.3d at 536-37.

The sixth, seventh, and eighth sets of statements also do not invoke application of KRE 404(b) because no bad acts are discussed in those statements. The seventh set of statements—Fultz showing remorse for his actions—would undoubtedly be admissible because the expression of feelings of remorse tends to prove guilt. Again, the only prejudicial effect of that set of statements is the fact that such evidence supports the Commonwealth's case against Fultz, but that level of prejudice is insufficient for exclusion under KRE 403.

Finally, the sixth and eighth sets of statements are relevant to give context to the conversation between Fultz and the officer.[14] And not only are the officer's statements non-prejudicial, these sets of statements, in fact, arguably could have aided Fultz in his defense. Fultz could have argued that the entire conversation between himself and the officer was about providing evidence incriminating others, which assisted a police investigation into the trafficking of drugs unrelated to Fultz. Looking at the entirety of the conversation in that light, a jury may have believed that the conversation between Fultz and the officer did not tend to prove any drug trafficking on the part of Fultz but rather only by those individuals named by Fultz because the officers only sought to gain incriminating information on the individuals Fultz named and not on Fultz himself.

---

[14] *See Lanham v. Commonwealth*, 171 S.W.3d 14, 27 (Ky. 2005) (admitting officer's statements during interrogation to give context to defendant's answers).

For these reasons, the trial court correctly denied Fultz's motion in limine to have a portion of his interview with police excluded from evidence at trial.

## B. The trial court properly denied Fultz's motion to exclude telephone calls.

The second set of statements that Fultz seeks to have excluded from evidence comes from telephone calls he made to individuals while he was incarcerated. These telephone conversations, according to Fultz, "reference unlawful drug transactions and other criminal activity." The telephone calls also purportedly include a statement by Fultz that he would do anything to make money and a request to his girlfriend to destroy his phone because "there would be drug talk on it." We must trust the characterization of the telephone calls that Fultz and the Commonwealth ascribe in their briefs because a recording of the telephone calls was not made part of the trial court's record for our review.

Nevertheless, the trial court correctly denied Fultz's motion in limine to exclude this evidence for many of the same reasons that it denied Fultz's first motion in limine. *Walker* supports the admissibility of evidence of prior unlawful drug transactions.[15] So if the telephone calls reveal that kind of evidence, the trial court did not err in denying Fultz's motion. If the telephone calls reveal unlawful drug transactions on the part of others, that evidence would not only not implicate KRE 404(b), but also would be relevant in

---

[15] *Walker*, 52 S.W.3d at 535–38.

evidencing knowledge of the inner workings of a drug trafficking ring, which would tend to prove Fultz's potential involvement in a drug trafficking ring.

Fultz's statement regarding his willingness to do anything for money does not fall under KRE 404(b)—this statement is about a crime, wrong, or act that *may* occur in the future, not one that has occurred. And Fultz's request for his girlfriend to destroy his cell phone because "there would be drug talk on it" does not run afoul of KRE 404(b): "[T]his Court has held that evidence that demonstrates a consciousness of guilt is an unenumerated exception to KRE 404(b)'s rule of inadmissibility."[16] Moreover, the highly-inclusionary relevancy rules would allow this evidence to be admitted—the first statement evidences a potential willingness to do whatever it takes to make money, including engaging in criminal activity, while the second statement evidences a potential desire on the part of Fultz to destroy potentially incriminating information. The only prejudice resulting from these statements is their incriminatory effect on Fultz, which, by itself, is not sufficient to exclude evidence under KRE 403.

Finally, this Court has no way of knowing what "other criminal activity" was referenced in those phone calls without listening to recordings of those calls, nor can we confirm that that label is appropriate. "It has long been held that, when the complete record is not before the appellate court, that court must assume that the omitted record supports the decision of the trial court."[17]

---

[16] *McDaniel v. Commonwealth*, 415 S.W.3d 643, 658 (Ky. 2013) (citing *Rodriguez v. Commonwealth*, 107 S.W.3d 215, 219–20 (Ky. 2003)).

[17] *Commonwealth v. Thompson*, 697 S.W.2d 143, 145 (Ky. 1985) (citing *Commonwealth, Dep't. of Highways v. Richardson*, 424 S.W.2d 601 (Ky. 1968)).

10

So we will not speculate about whether the telephone calls truly evidence "other criminal activity," nor will we attempt to ascertain whether that evidence of "other criminal activity" would have been admissible.

As such, the trial court did not abuse its discretion when it denied Fultz's motion in limine to exclude from evidence telephone calls he made while incarcerated.

## III. CONCLUSION.

Finding no reversible error on the part of the trial court, we affirm the judgment.

Minton, C.J., Hughes, Keller, Lambert, VanMeter and Wright, JJ., sitting. All concur. Buckingham, J., not sitting.

COUNSEL FOR APPELLANT:

Jerry Lee Wright
Jerry L. Wright, P.S.C.


COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Joseph A. Beckett
Assistant Attorney General